### STATE USE ETC. VS. CROFT.

The declaration, in a suit upon a county treasurer's bond, avering that a specified sum, as appeared by the books, remained in the treasurer's hands; that he had been summoned by the county court to settle his accounts but had failed to do so; that the court struck the balance due by him, and that he is justly indebted to the county as treasurer in such sum, which he had neglected and refused to pay, held sufficient to charge the sureties in the bond, without the averment of a formal judgment being rendered by the county court.

*Appeal from Greene Circuit Court.*

Hon. Z. STODDARD, special judge.

WATKINS & ROSE, for appellant.

I. The declaration contains, substantially, the averments which it was insisted, were wanting.

1. The act of January 11th, 1851, under which the bond sued on in this case was given did not require as a prerequisite to suit, that the county court should render a ·judgment against the obligor for the·balance due. If it be a prerequisite, then we insist that the stricking of the balance by the court is the same · thing, in effect, as the rendering of the judgment; because, rendering judgment is the act of the mind of the court rather than the mere formula of causing it to be entered at length upon the record.

2. That the book referred to in the declaration is a record of the court, sufficiently appears from the averments.

II. If these averments are wanting, their absence is of no material consequence, since the declaration is sufficient without them.

1. A breach is well assigned if it be in the words of the contract, or in words co-extensive with its legal import. Its object is to apprise the opposite party of what he is called upon to answer. *Phillips & Martin vs. Gov.*, 2 *Ark.*, 389. Surplusage is not a subject of demurrer. *Stephens on Pl.*, *p.* 424; *Comyn's Dig.*, *Tit. Pleader*, *C.* 28, *E.* 2. The condition of the bond is that Poole should pay over all moneys that might come to his hands by virtue of his office, etc. The breach (rejecting all the other averments as surplusage,) is that there came to his hands, as such officer, $805.01 more than he paid out, and that he is justly indebted, etc., in said sum. This would seem to be, within the rules, a sufficiently direct and positive averment of the receipt and non-payment of the amount by Poole.

Mr. Chief Justice WALKER, delivered the opinion of the court.

This is an action of debt, brought in the name of the state, for the use of the common school commissioner and of the county of Greene, against the defendant, as security upon the official bond of the county treasurer of that county. The defendant demurred

to the declaration and assigned numerous causes of demurrer, all of which were overruled except the third, fourth and seventh causes, which were sustained, and for which the declaration was adjudged insufficient. The third ground of demurrer is, that it is not averred that the defendant is indebted to the county. The fourth cause is, that it is not averred that the county court had adjusted the account, found the balance due, and rendered judgment against the defendant for it. The seventh cause of demurrer is, that there is no breach of the condition of the bond.

The defendant, as the security of Pool, who was elected county treasurer, entered into bond conditioned that Pool would faithfully discharge the duties of treasurer of common schools, and should pay over all moneys which should come to his hands by virtue of his office, to the proper claimants, and in all things demean himself in office according to law. Pool entered upon the duties of his office, and as such officer received eight hundred and five dollars and one cent more than he paid out for the use of common schools of said county.

Under the statute, it became the duty of the treasurer to make settlements with the court, and to pay over the balance of the money received by him as such, to those entitled to receive it. Upon the failure of the treasurer to make settlement, and pay as required by law, and by the condition of his bond, it is made the duty of the county court, (whose duty it is to have an account kept of the amount of money received and the amount paid out and expended by the treasurer,) to cause settlement to be made with the treasurer, to ascertain the state of accounts, and strike the balance, if any, due by him. This it was necessary to do, in order to fix the liability of the treasurer and his securities upon the bond; and in an action upon the bond for a breach thereof, in failing to account and pay over money was a necessary averment, as held by this court in *Jones et al. vs. The State use etc.*, 14 *Ark. Rep.*, 170, and in several other cases. This is the only material question presented by the demurrer, and it only remains

for us to determine whether this averment has been sufficiently made.

It is averred that the sum of eight hundred and five dollars and one cent, as appeared from the books, remained in the treasurer's hands; that he was summoned to appear in court and settle, but failed to do so, and that the court *struck* that sum as the balance against him; that he failed to make settlement with the court at the time required by law, and is justly indebted as such treasurer, to the county, in the sum of eight hundred and five dollars and one cent for the use, etc., which he neglected and refused to pay over, or any part thereof, or the sum of ten thousand dollars, or any part thereof, either to his successor or to the plaintiff for the use etc., although said court struck a balance against him for such sum so found due from him to the school fund by said court, as the records of said court show.

Without following the precise order and connexion of these averments, (interspersed with which is much superfluous matter,) we have given what we suppose to be the substance of the averments; upon a fair consideration of which we think them sufficient to bring this case within the spirit of the rule laid down in our former decisions referred to, which we do not understand as deciding that there must in such cases be a formal judgment rendered for the amount ascertained to be due. The material matter is to liquidate and settle the amount actually due; it is the more appropriate, if not the peculiar province of the county court to do this; for, as remarked in the case of *Jones et al. vs. The State*, unless settled by the county court, whose province it is to have the accounts kept and to make settlement, the whole subject of settlement and account would be transferred to the circuit court, upon an issue as to the amount of damages.

When the action of the county court in this case is considered with the additional facts averred; that Pool and his securities were summoned to appear in court and make settlement, and had failed to appear, and that the books showed the balance due, which was *struck* by the court, followed by a breach that the

balance of $805.01 was found due and struck against Pool as due to the school fund by the court *as the* records of the court show, we think they amount, substantially, to an averment that the county court proceeded to settle, adjust and determine the amount really due from the treasurer to the common school fund, and that such adjustment and settlement are ' shown by the records of that court.

Thus considering the questions presented by the demurrer, we think the declaration sufficient to charge the defendant.

Let the judgment of the circuit court be reversed.