HARRISON *v.* BOARD OF SUPERVISORS OF CHIPPEWA
COUNTY.

JUSTICES OF THE PEACE — FEES — CRIMINAL CASES — SAULT STE.
MARIE CHARTER—CONSTRUCTION—LIABILITY OF COUNTY.

Under section 38 of chapter 5 of the charter of Sault Ste. Marie
(Act No. 468, Local Acts 1901), providing a salary for the
justice of the peace for said city and that said salary "shall
be in full compensation for all services performed," the jus-
tice cannot recover of the county of Chippewa the legal fees
for trying criminal cases, notwithstanding the provision of
section 37 of said chapter that "the expenses of prosecutions
for violation of penal laws of the State shall be paid by the
county of Chippewa."

Certiorari to Chippewa; Steere, J.   Submitted Janu-
ary 7, 1908.   (Calendar No. 22,224.)   Decided January
31, 1908.

Mandamus by Harry A. Harrison to compel the board
of supervisors of Chippewa county to audit and allow cer-
tain claims for trying criminal cases.   There was an or-
der denying the writ, and relator brings certiorari.   Af-
firmed.

*M. M. Larmonth*, for relator.

*George B. Holden*, for respondent.

CARPENTER, J.   This is a mandamus proceeding
brought in the circuit court for the county of Chippewa
to compel respondent to pay the fees alleged to be due re-
lator's assignor, John A. Couch, justice of the peace for
the City of Sault Ste. Marie, for services for trying cer-
tain criminal cases.   The circuit court denied relator's
petition and the proceedings are before us for review.

If the fees of said justice were regulated by the general
laws of the State (see section 12004, 3 Comp. Laws), re-

lator would be entitled to relief. But the law under which these services were performed is found in chapter 5 of the charter of the city of Sault Ste. Marie. (See Act No. 468 of the Local Acts of 1901.) Section 38 of said chapter reads:

"The said justice shall receive an annual salary of one thousand five hundred dollars, to be paid out of the treasury of said city in monthly installments. The said clerk shall receive an annual salary of seven hundred and fifty dollars, to be paid out of the city treasury in monthly installments. These salaries shall be in full compensation for all services performed by said officers, * * * and they shall make no charge to any person for any service required of them or either of them by this act, except as herein expressly provided."

The contention that notwithstanding the foregoing language the justice is entitled to fees for trying criminal cases is based upon the following language found in the preceding section, section 37:

"All moneys paid to said justice, except jury, officer and witness fees, and except all fines and costs recovered for the violation of the penal laws of this State, shall be for the use of the city and shall be paid weekly to the city treasurer. * * * The expenses of prosecutions for violation of penal laws of the State shall be paid by the county of Chippewa."

The argument of relator, as I understand it, is that the term "costs" above used comprises the fees authorized by the general laws of the State to be collected by the justice; and as these are not to be turned over to the city, they are to be retained by him. It is also insisted that the fees are a part of the "expenses" which the law requires "shall be paid by the county of Chippewa." I think this argument faulty. The "costs" which are to be withheld from the city and the "expenses" which are "to be paid by the county" are the lawful costs and expenses, and only the lawful costs and expenses. May the fees of the justice for services in trying criminal cases be lawfully included in said costs and expenses? That is

the question to be determined in this case. We get no aid in determining it from section 37. Indeed that section throws no light upon it. It is determined by section 38, which explicitly provides that the salary of the justice "shall be in full compensation for all services performed," thereby depriving him of the right to fees for any of said services.

The learned circuit judge properly denied relator's petition, and the order made by him is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and MC-ALVAY, JJ., concurred.