## STATE *use* COLUMBIA COUNTY *v*. NABORS.

### Opinion delivered March 18, 1912.

1. COUNTY COLLECTOR—FAILURE TO PAY MONEY TO COUNTY DEPOSITORY—LIABILITY.—To fix the liability of the sureties upon the official bond of the collector of Columbia County, under Acts 1909, c. 62, for his failure to pay moneys collected by him to the county depository within fifteen days, it is necessary that a settlement should be made with him by the county court as the law requires, and the amount due determined and ordered to be paid before suit could be brought against his bondsmen for any default. (Page 17.)

2. SAME—FAILURE TO PAY MONEYS TO COUNTY DEPOSITORY—LIABILITY.—Under Acts 1909, p. 152, § 6, providing for establishing a depository for Columbia County, the collector and his bondsmen are liable to the county, in case of delay in paying over taxes, for the interest which the funds would have earned from the time when the funds should have been paid over to such depository. (Page 17.)

Appeal from Columbia Circuit Court; *Jacob M. Carter*, Judge; affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellant against W. H. Nabors, the collector of Columbia County and his bondsmen, to recover interest upon funds of the county which said collector failed to pay to the treasurer every fifteen days after collection to be turned into the county depository, duly established under Act 62 of the Legislature of 1909.

A general demurrer was filed by appellees to the complaint, and sustained by the court, and, appellant declining to plead further, the complaint was dismissed. From the judgment this appeal comes.

*J. Y. Stevens*, for appellant.

1. The court had jurisdiction. Const. art. 7, § 28; 95 Ark. 198; 90 *Id*. 198; 95 *Id*. 198; 90 *Id*. 196; 79 *Id*. 236; 38 *Id*. 467; 43 *Id*. 41; Kirby's Dig., § § 990, 7161, 7170. Appellant is not suing for a *penalty*, nor for *taxes*, but for interest as damages.

2. It was not necessary for the liability to be first ascertained by the county court. 14 Ark. 170, and cases *supra*.

*W. H. Askew* and *C. W. McKay*, for appellees.

It was a condition precedent that the collector had settled with the county court and failed to pay over the amount found

due.   100 Ark. 571; 14 Ark. 170; 95 *Id.* 194; 90 *Id.* 195; 79 *Id.* 236; 22 *Id.* 237.

KIRBY, J., (after stating the facts).   It is contended by appellees that the complaint is insufficient in not alleging that the collector had settled with the county court and failed to pay over the amount due, and that he failed to settle, and that the court had adjusted his accounts and determined the amount due and ordered the collector to pay same into the treasury.

Act 62 of the session of 1909 of the Legislature was a special one, applying to Columbia, among other counties, and provides a method for establishing a county depository for the county funds and the payment of interest thereon.

In section 6 of said act, it is provided: "Upon the approval of the bond given by the successful bank bidding for the funds, the county court shall make an order designating it as the depository of all funds," etc.

And further:

"It shall be the duty of the collector of all taxes, fines and forfeitures to pay the same to the treasurer within fifteen days after the collection of same and take his receipts therefor and present said receipts with his settlements at the time he is required to make same, that such funds may be transferred to the depository as herein provided, and for failure to pay any of said funds to said treasurer he shall be liable on his official bond."

From the time of the decision of *Jones* v. *State*, 14 Ark. 170, to the decision in *Graham* v. *State*, 100 Ark. 571, it has been held that it is necessary in order to fix the liability of the sureties upon the official bond of the collector that a settlement should be made with him by the county court as the law requires and the amount due determined and ordered to be paid by it before suit could be brought against his bondsmen for any default; that such judgment of the court is a condition precedent to the bringing of the suit against the bondsmen, no cause of action accruing until it is made. It was not alleged that the county court had made any settlement with the collector and found that he had failed to account for or pay over any funds of the county, nor that he had failed to pay in the county funds to the treasurer in fifteen days period as provided in said act in violation thereof, and on that account

had become liable to the payment of the amount of interest thereon that would have been received from the depository, with an order directing him to make such payment, but only that he had failed to pay the funds, as directed in the act, and had thereby become liable to the payment of damages for such failure, the interest that would have been received from the depository upon the amount of the collection if it had been paid into the treasury being claimed as the damages.

Section 28, art. 7, of the Constitution provides:

"The county courts shall have exclusive original jurisdiction of all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties."

It is contended by the State that the damage claimed herein is interest upon the moneys received by the collector and not taxes, and that the action was not brought to enforce a settlement nor collect money due upon one; and that this court has already decided that the circuit or justice's court has jurisdiction of such a claim according to the amount involved.

In *Martin* v. *State*, 79 Ark. 236, the suit was brought against the treasurer for penalties for failure to deposit the county funds in the depository under the order of the county court directing it to be done, and this court reversed and dismissed the case, holding that the depository had not been properly established on account of the bank not having given the bond required, and that it was not the duty of the treasurer to turn the county funds over to such depository.

In *Price* v. *Madison County Bank*, 90 Ark. 195, a suit was brought by the treasurer against the depository bank for failure to pay interest upon the funds of the county in accordance with its agreement to do so, and it was there held that the circuit court would have jurisdiction of such action.

In *Carroll County Bank* v. *State*, 95 Ark. 194, another suit against the depository bank for failure to pay interest upon the funds deposited, it was held that the amount claimed was for money loaned, accrued interest, was a demand in favor of the county and not due for taxes, citing *Price* v. *Madison County Bank*, *supra*, and that the circuit court or the justice court had

jurisdiction of the action, according to the amount involved.

It is apparent that in neither of said cases was the question herein determined. In the first, the county court had already made an order upon the treasurer directing the deposit of the funds in the bank selected as a depository, and each of the others was a suit against the depository, not a county officer, for failure to pay interest upon the fnuds of the county deposited therein by order of the county court in accordance with its agreement to do so.

Here it is necessary to determine first that the collector had failed to pay the county revenues into the treasury within fifteen days after collection and the amount thereof, in accordance with the provisions of the act, which also directs that he shall present the receipts to the treasurer for such funds for credit in his quarterly settlement with the county court. The county court, in making such settlement, would have all the facts before it, and could easily determine the amount collected and the time thereof and charge the collector upon such settlement. who has failed to comply with the law by paying over the funds collected, with the amount of interest that would have been earned upon the funds, if he had done so; thus, in an orderly way, fixing the liability of the sureties upon the bond for the breach thereof by the collector in failing to o bey the law. If it should be held otherwise, suit could be brought in the justice's court for interest upon the county funds, for failure to comply with the law, if the amount involved was not beyond its jurisdiction, and it was never contemplated that a justice of the peace should investigate the accounts of the collecting officers of the county and adjudge a liability against them and their bondsmen for a breach thereof.

It is also true that the sheriff should have obeyed the law and paid the money to the treasurer, as directed, but, not having done so, he became liable on his official bond for such delinquency, and he and his sureties should be required to account for the interest that would have been earned from the time the funds collected were required to be paid in after the amount thereof was properly determined by the county court, the tribunal provided by law to adjust the accounts of, and make settlements with, the collector, and suit could not be brought in the

circuit court before such determination and adjudication fixing the liability.

No such judgment or order of the county court having been alleged in the complaint to have been made, no cause of action was stated, and the court did not err in sustaining the demurrer.    The judgment is affirmed.

McCULLOCH, C. J.. and WOOD, J., dissent.

McCULLOCH, C. J., (dissenting).    The special statute upon which this action is founded does not authorize the county court to determine whether or not the collector has complied with the statute by paying funds over to the treasurer "within fifteen days after the collection of same."    Nor is there any general statute which confers such authority.    All that is required is that the collector shall take receipts from the treasurer, and present such receipts to the county court with his quarterly settlement accounts.    Failure to pay the money to the treasurer within fifteen days constitutes a breach of the bond, and the measure of damages sustained by the county is the amount of interest lost by reason of such failure to pay.    As the county court has no authority to determine when the money was collected, but is only authorized to ascertain at the end of each quarter how much has been collected during the quarter, it follows, I think, that an order of the county court is not a prerequisite to the right to bring suit in a court of competent jurisdiction to recover damages for a breach of the bond in failing to pay the money to the treasurer as required by statute.    Any finding which the county court might make as to the time the money was collected would not be binding on the sureties.    Therefore it is not essential that the county court should first make such finding.

It seems to me that the case is controlled by the decisions of the court in *Price* v. *Madison County Bank,* 90 Ark. 195, and *Carroll County Bank* v. *State,* 95 Ark. 194, and that the circuit court has jurisdiction in an action to recover the damages sustained by the county by reason of the collector's failure to pay the funds to the treasurer.

I concur.    WOOD, J.