## HENDRIX v. MORRIS.

### Opinion delivered January 29, 1917.

1. SCHOOLS—EMPLOYMENT OF TEACHERS RELATED TO DIRECTORS.—Act 206, p. 855, Acts 1913, providing that a teacher related to a director may be employed only upon a two-thirds petition of the patrons of the school. The act does not provide a manner for ascertaining the number of patrons, and in the absence of a showing to the contrary, the directors will be presumed to exercise an honest judgment in ascertaining the facts.

2. SCHOOLS—TRANSPORTATION OF CHILDREN TO SCHOOL.—The directors of a school district are without authority to expend money in the transportation of children to and from school.

3. SCHOOLS—TRANSPORTATION OF CHILDREN TO SCHOOL.—The provisions of section 15, Act 116, p. 81, Public Acts of 1911, permitting the transportation of children to school at the expense of the district, *held*, to apply only to such school districts as become consolidated school districts in the manner and under the terms of that act.

Appeal from Lonoke Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Powell Clayton* and *J. A. Comer*, for appellant.

1. A special school district cannot employ teachers who are related to any of the members of the board in the absence of a petition signed by two-thirds of the patrons of the school. The burden was on the board to prove that the petitions contained the requisite number of signatures. Kirby's Digest, § 7616 as amended by Acts 1913, 85; 71 Ark. 87.

2. No power or authority to expend the funds of the district for an automobile and the maintenance of same is given by law. 56 Ark. 205; 95 *Id.* 26; 94 *Id.* 583; 38 L. R. A. (N. S.) 710; 154 Ill. App. 119. In the absence of a statute allowing it school authorities cannot use school funds for the transportation of pupils. 35 Cyc. 1001; 67 Kans. 609, 73 Pac. 927; 168 Ind. 384, 81 N. E. 62; 38 L. R. A. 710-711. In this case the school district of England was extended so as to include Greenwood township and a tax levied but no authority to spend funds for transportation of pupils was given. Kirby's Digest, §§ 7613, 7614-15.

*Morris & Morris* and *Jas. B. Gray*, for appellees.

1. Appellant has entirely failed to show that the teachers were elected before a petition was filed as required by law. The law presumes the directors acted honestly and fulfilled their duties legally. 96 Ark. 477; 110 Ark. 511. The evidence shows and the court found that the necessary petitions were filed. 107 Ark. 462.

2. The automobile had been bought and paid for prior to this suit. An injunction would be ineffectual. 126 Tenn. 427; 22 Cyc. 781; Ann. Cases, 1913, D. 967; 31 Okla. 49.

As a special school district it had the power and authority to purchase, maintain and operate, for school purposes, an automobile and trailer. Act 77, Acts 1915; Act 116, Acts 1911; 95 Ark. 26. It was "necessary." Serious injury will result if the injunction is granted. 22 Cyc. 748.

SMITH, J. Appellant brought this suit as a resident and taxpayer of England Special School District against the Directors thereof and the treasurer of Lonoke county to enjoin the directors from issuing, and the treasurer from paying, warrants of said district, given in payment of the expenses of operating an automobile in said district, and in payment of the salary of certain teachers. It was alleged, and is admitted, that all the teachers mentioned were related within the prohibited degrees of consanguinity or affinity to some one of the directors; but it is said that the teachers were only employed after petitions containing the signatures of two-thirds of the patrons of the school had been filed praying that said teachers be employed.

Only one witness testified upon this subject. This witness was James B. Gray, who stated that he was the secretary of the school board, and that he kept the minutes of the board, which were offered in evidence. These minutes showed that each of the teachers had filed a petition with the board signed by the requisite number of patrons of the school prior to their election as teachers. These minutes showed that at one meeting

the board determined that two of the teachers in whose behalf petitions had been filed had petitions containing the requisite number of signers, and an adjournment for ten days was taken to afford the remaining teacher who was under disqualification an opportunity to comply with the law, by obtaining the requisite number of signers. These petitions were not preserved by the secretary, who explained their loss by saying the board had acted in good faith and had not anticipated that the legality of their action would be questioned. He testified, however, that the petitions were examined by each member of the board, and while no census was taken they estimated the number of families in the district and figured that the petitions contained the requisite number of signers, and in answer to the question, "So you don't know whether there were two-thirds of the patrons of the school signed these petitions or not, do you?" answered, "I think there was or we would not have passed it that way."

It was shown that the England Special School District embraced originally only the corporate limits of the incorporated town of England, but that by Act 77 of the Acts of 1915, page 260, said district was extended to include Common School District No. 18, and that as thus enlarged the district included all of Gum Woods township.

It was also shown that after the consolidation of the district, the directors purchased an automobile and a truck or trailer for the purpose of conveying the children living in the country to the school in the town, and that the school which had formerly been taught in the rural part of the district was suspended. It was shown that operation of this automobile involved a considerable expense, but it resulted in a greatly increased attendance upon the school.

The court found the fact to be that proper petitions had been filed which authorized the employment of the teachers, and sustained a demurrer to that portion of the complaint which sought to enjoin the payment of the warrants for the operation of the automobile, it

being admitted that the automobile and tractor had been paid for some time before the institution of this suit.

While directors are prohibited, by Act 206, Acts of 1913, page 855, which amends section 7616 of Kirby's Digest, from employing any person related to any of the directors within the fourth degree of consanguinity or affinity, yet they are permitted to do so upon the petition of two-thirds of the patrons of said school.

(1) No provision is made by 'the law for the manner in which this fact may be ascertained and we cannot, therefore, say that a census must be taken. It was no doubt contemplated by the Legislature that the directors would have access to the school records kept by the teachers and of the annual enumeration of the pupils within the district and would have from this and other sources a general idea of the total number of patrons of the school and would exercise an honest judgment in the determination of the controlling question of fact. There is no proof that this was not done by the directors here. The presumption that the officers did their duty is sustained by the testimony of the only witness in the case and we, therefore, affirm the action of the chancellor in respect to the salaries of the teachers.

The statute prescribes the purposes for which local school taxes may be expended. Sections 7613, 7614 and 7615 of Kirby's Digest. While the directions of the statute are in general terms, we find no language authorizing the expenditures of the school funds which is susceptible of a construction which would authorize the purchase or operation of automobiles for the purpose of conveying the pupils to the school, and, so far as we are advised, no statute similar to ours has been so construed. Upon the contrary, there are several cases involving this right where statutes equally as broad as our own have been construed as being insufficient to confer this right on the directors.

(2) Cases on this subject are collected in a note to the case of *Shanklin* v. *Boyd,* 38 L. R. A. (N. S.) 710. In the case cited the Supreme Court of Kentucky held

that a vote of the tax "for local school purposes" did not authorize the school directors, who were operating under a school law not materially different from our own as far as the powers of the directors are concerned, to expend money for the purpose of conveying children to the schools of the district. The court expressly stated that it did not hold the Legislature might not provide for the levying of a tax for this purpose, but that it did hold that the revenues could not be so employed in the absence of a statute authorizing it. We think the reasoning of that case is applicable to the facts of this. The Legislature has enumerated the purposes for which the revenues may be spent, and as no authority is given to expend money in the transportation of children, we must hold that no such authority exists.

(3) It is urged, however, that authority has been given by Act 116 of Public Acts of 1911, page 81, to transport pupils as was done by the directors here. Section 15 of this Act provides "That the board of directors shall have power to provide such transportation for the pupils of the district as the board may deem advisable, and may purchase, rent or hire conveyances for this purpose, or the board of directors may enter into contracts with others for transportation service," etc., and that "the cost of this transportation shall be paid out of the school funds to the credit of the Consolidated School District."

The majority of the court, however, are of the opinion that the provisions of this section apply only to such school districts as become consolidated school districts in the manner and under the terms of the Act itself. This Act is entitled "An Act to provide for the consolidation of adjacent school districts and prescribing the powers and duties of such consolidated districts," and it defines the procedure by which adjacent districts may avail themselves of the provisions of the Act by becoming consolidated districts.

The England School District was not organized under the provisions of this Act, but by the special Act of the Legislature mentioned above, and the majority of

the court are, therefore, of the opinion that the Act of 1911 is not applicable to it.

It follows, therefore, that the court should have enjoined the issuance or payment of any warrant covering the operation of the automobile as prayed by appellant.

The decree of the court will, therefore, be reversed in this particular and the cause remanded with directions to enter a decree accordingly.