HENDRIX v. MORRIS.

Opinion delivered May 27, 1918.

1. SCHOOL DIRECTORS—UNAUTHORIZED EXPENDITURE OF MONEY—PERSONAL LIABILITY.—Where school directors act in good faith, believing at the time that they have authority under the statutes to expend money for the purposes for which they issue warrants, they will not be liable to the district individually for money so expended, even though they have no such authority.

2. COUNTY OFFICERS—TREASURER—PAYMENT OF MONEY FOR UNAUTHORIZED PURPOSE—WARRANT OF SCHOOL DIRECTORS—PERSONAL LIABILITY.—When a warrant is presented to a county treasurer for payment, for an unauthorized purpose, he pays the same at his peril, and is personally and individually liable to the district for the money unlawfully paid out.

Appeal from Lonoke Circuit Court; *Thos. C. Trimble,* Judge; reversed in part; affirmed in part.

*James A. Comer,* for appellant.

1. The directors and treasurer had no authority to expend the money. 192 S. W. 949.

2. Having exceeded their authority they are personally liable. 52 Ark. 541; 7 L. R. A. 180; 83 Ark. 275; 56 *Id.* 205; 123 *Id.* 255; 103 *Id.* 529; 25 *Id.* 318; 30 *Id.* 248.

*Jas. B. Gray,* for appellees.

The defendants were not personally liable. They acted in good faith and were not liable for mere errors of judgment. 94 Ark. 583; 95 Ill. 263; 35 Am. Rep. 164; 38 Me. 279; 61 Am. Dec. 258; Cooley on Torts, 411; 110 Ark. 515; 52 *Id.* 546; 35 Cyc. 910, 911; 25 Kan. 662; 71 Mo. 62.

WOOD, J. The question on this appeal is whether or not the appellees, school directors of England Special School District and the treasurer of Lonoke County are individually liable to the district for money, which the treasurer paid out of funds belonging to the district, on warrants drawn by the directors to pay for the purchasing, maintaining, and operating an automobile truck in conveying school children to and from the public schools at England, Lonoke County, Arkansas.

(1) In *Hendrix v. Morris,* 127 Ark. 222, 225, we held that the directors of this district and the treasurer had no authority to expend the money of the district for such purposes, but it does not follow that the directors are individually liable for the money thus expended. While it is alleged and admitted that the directors had no authority to issue the warrants for the purpose mentioned, there is no allegation that they acted wilfully or maliciously. This is essential in order to make the directors personally liable. Where school directors act in good faith, believing at that time that they have authority under the statute to expend the money for the purposes for which they issue warrants, they will not be held individually liable to the district for moneys so expended, even though they have no such authority.

"The general rule," says 35 Cyc. p. 910, "is that the officers of a school district can not be held personally liable on a contract made on their part as such officers and solely for the benefits of the district, unless guilty of fraud and misrepresentation, or unless they expressly contract to assume personal liability."

As is said by the Supreme Court of Minnesota, "Were the rule otherwise, few persons of responsibility

would be found willing to serve the public in that large capacity of offices, which requires a sacrifice of time and perhaps money, but affords neither honor nor profit to the incumbent.'' *Sanborn* v. *Neal et al.,* 4 Minn. 140.

The statute prescribes that the directors shall have charge of the school affairs and of the school educational interests of their district, et cetera; that they shall make provisions for establishing separate schools for white and colored children and youths, and adopt such other means as they may judge expedient for carrying the free school system into effectual and uniform operation throughout the State, and providing as nearly as possible for the education of every youth. Sections 7613, 7614, Kirby's Digest. These and other duties prescribed, and other statutory requirements found in chapter 142, Kirby's Digest, show that the directors in many instances must act in a quasi-judicial capacity and exercise their discretion and best judgment in the management of the school affairs entrusted to them. Hence the reason for the rule, that for a mere mistake or error of judgment on their part, they shall not be held personally liable. Such is the doctrine of our decisions and of the authorities generally. *First National Bank of Waldron* v. *Whisenhunt,* 94 Ark. 583, and cases there cited. See also *McCormick* v. *Burt,* 95 Ill. 263, and other cases cited in appellee's brief.

The court was, therefore, correct in holding that the appellees, school directors, were not liable.

(2) A different rule however applies to the treasurer. He is only authorized to pay out money on the orders of warrants of the board of directors of the school district ''properly drawn.'' The law requires that the directors shall draw orders on the treasurer for the payment of the wages due teachers or for any lawful purpose, and they shall state in every such order the services or consideration for which the order is drawn, and that when the warrants are properly drawn he shall honor the same out of the funds, in his hands for that purpose, belonging to the district. Sections 7627, 7628, 7665, Kirby's Digest.

When a warrant, therefore, is presented to the treasurer for payment for an unauthorized purpose, the treasurer pays the same at his peril and is personally and individually liable to the district for the moneys unlawfully expended.

The judgment of the trial court dismissing appellants' complaint against the appellees, directors, is, therefore, affirmed.   The judgment dismissing the complaint against the treasurer is erroneous and is, therefore, reversed and the cause as to him is remanded for a new trial.