### STEARNS v. VINCENT.

1. JUSTICES OF THE PEACE—ALLOWANCE OF FEES—JACKSON CITY CHARTER.

  The justice of the peace in the city of Jackson is not entitled to fees for trying criminal cases, section 24, tit. 5, Act No. 399, Local Acts 1905, providing a salary for the justice in lieu of all fees, having been expressly adopted by reference in the Jackson city charter.

2. STATUTES—CONSTRUCTION.

  The practical construction given to a statute by city and county official will not be suffered to override the plain meaning of its provisions.

3. MANDAMUS — DISCRETIONARY WRIT—MINISTERIAL ACT—UNLAWFUL PURPOSE.

  Mandamus, being a discretionary writ, will not issue to compel the county clerk to draw a warrant in favor of a justice of the peace for certain fees allowed by city and county authorities, where said fees are illegal; although, ordinarily, it will issue to compel the performance of a purely ministerial act, it may not be invoked to accomplish an unlawful purpose.

---

[1]Justices of the Peace, 35 C. J. § 28; [2]Statutes, 36 Cyc. p. 1142; [3]Mandamus, 38 C. J. §§ 16, 18, 29.

Certiorari to Jackson; Dingeman (Harry J.), J., presiding.     Submitted October 5, 1926.     (Calendar No. 32,076.)     Decided January 5, 1927.

Mandamus by Christie A. Stearns, justice of the peace for the city of Jackson, to compel Lyman A. Vincent, county clerk of Jackson county, to draw a warrant for certain fees allowed by the board of supervisors.     From an order denying the writ, plaintiff brings certiorari.     Affirmed.

*Reuben H. Rossman* and *John F. Henigan,* for plaintiff.

*Don T. McKone,* for defendant.

CLARK, J.   Plaintiff, justice of the peace at Jackson, instituted mandamus, September 9, 1922, to compel the defendant, county clerk, to draw a warrant for certain fees claimed to be due him for services for trying criminal cases during certain months of 1922. The claim had been examined, audited and allowed by the board of supervisors.     Section 24, tit. 5, Act No. 399, Local Acts 1905, entitled "An act to revise the charter of the city of Jackson," etc., provides:

"Said justice of the peace, to be elected in nineteen hundred and seven and thereafter, shall receive from the treasurer of the city an annual salary to be fixed by the council of not less than eight hundred nor more than one thousand two hundred dollars, which salary shall be in lieu of all fees, costs and charges to which said justice would be entitled, but for the provisions of this act; except fees for the performance of marriage ceremonies, for taking acknowledgments and for administering oaths in matters not connected with suits or proceedings in courts of said city."   *   *   *

This section had been expressly adopted by reference in the charter in force at the time in question.     The salary of the plaintiff paid by the city was $75 per month.     For many years it has been the practice of

the incumbent of that office to receive fees in criminal cases, with the knowledge of city officials and the knowledge and consent of the board of supervisors. The attempt here to have such fees is but a continuation of that practice. The writ was denied by the trial judge. He filed a carefully-prepared opinion, which ought to have satisfied, but plaintiff brings certiorari.

We think it unnecessary to review other sections of the city charter or sections of general statute which have been examined. That the plaintiff was not entitled to have the fees is settled by the parallel case of *Harrison* v. *Board of Sup'rs of Chippewa Co.*, 151 Mich. 91, which is accessible and which need not be quoted.

To justify his having the fees, plaintiff stresses the practical construction given to the provision in question by the city and county officials. But the law is neither ambiguous nor obscure. And more, practical construction will not be suffered to override the plain meaning of the provision. *Westbrook* v. *Miller*, 56 Mich. 148.

To dispose of another question we quote from the opinion of the trial judge:

"It is further claimed by relator that his claim for the fees in question having been adjusted, allowed and authorized by the board of supervisors of Jackson county, that under Act No. 58, Pub. Acts 1909 (1 Comp. Laws 1915, § 2299), nothing further remains for the respondent but to perform the ministerial act of drawing the necessary warrant. It must be conceded that this is ordinarily the rule, and where the board of supervisors has acted in good faith in determining the amount due, there remains nothing for the clerk to do but draw the warrant. The writ of mandamus, however, is a discretionary writ and cannot be invoked to accomplish an unlawful purpose, even though the officer against whom it is invoked is charged with an express duty under the statute."

See 38 C. J. pp. 550, 556; *O'Brien* v. *Wayne Circuit Judge,* 131 Mich. 67; *George N. Fletcher & Sons* v. *Alpena Circuit Judge,* 136 Mich. 511; *Wayne County Road Com'rs* v. *Auditors,* 148 Mich. 255.

No other question calls for discussion.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.