HALEY-THOMPSON SPECIAL CONSOLIDATED SCHOOL
DISTRICT *v.* SPLAWN.

Opinion delivered January 31, 1927.

COUNTIES—LIABILITY OF COUNTY TREASURER.—The rule that, before a suit can be brought against a county treasurer for amounts growing out of or in connection with a settlement required to be made in the county court, his accounts must have been passed on by the county court, has no application to an action in the circuit court by a school district against a county treasurer for wrongfully paying school moneys on warrants not properly drawn as required by Crawford & Moses' Dig., § 8925.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; reversed.

*J. R. Parker* and *William Kirten,* for appellant.

*Harry E. Cook* and *B. F. Merritt,* for appellee.

MEHAFFY, J.  This suit was begun in the Chicot Circuit Court, the plaintiff alleging in its complaint that it was a special consolidated school district, created under the acts of the General Assembly, and that C. F. Thompson was elected and served as president of said district for and during the years 1921, 1922, and 1923, and that M. C. Hall was elected secretary and served during the years of 1921, 1922 and a part of 1923.  That, by virtue of the office as secretary of said district, said Hall acted as secretary of said board, and it was his duty to draw warrants and pay debts on the proper order of said board, to be signed by the president, C. F. Thompson, and M. C. Hall, as secretary. That W. J. Splawn was the regularly elected and duly qualified and acting county treasurer of Chicot County for and during the years 1921, 1922 and 1923, and was custodian of all the school funds of Chicot County and the Haley-Thompson Special Con-

solidated School District, and had and held in his hands funds of the said district which had come to his hands from the various sources of taxes and apportionment and belonging to said district during those years. That, during the years above mentioned, the said M. C. Hall, as secretary of said Haley-Thompson Special Consolidated School District, unlawfully and without warrant or authority illegally drew and signed the name of the president, C. F. Thompson, to a great number of warrants of said district, which warrants were unlawfully cashed and illegally paid by the said W. J. Splawn, county treasurer of said county, without any authority or right on his part to do so. That, by reason of said W. J. Splawn cashing and paying said illegal warrants, the Haley-Thompson Special Consolidated School District has been damaged in the sum of $1,507.17, interest and costs. The warrants are then described in the complaint, giving the number, amount, payee and date of warrants, and plaintiff prays judgment for the amount above mentioned, interest and costs.

Defendant filed motion to require plaintiff to file the warrants sued on, which warrants were filed in compliance with said motion. The defendant answering, admitted that Thompson was president and Hall was secretary of plaintiff school district, and had duties, power and authority to issue warrants, as alleged in said complaint. Defendant alleged that, as county treasurer, he was advised that it was the practice and custom of Thompson, president of said board, to sign warrants in blank, and in some instances authorizing the signing of his name to warrants by Hall, the then trusted secretary of said school district, and authorizing said secretary to fill in thereafter the amount and purpose for which said warrants were issued, and that all such warrants which were presented and paid by this defendant were paid in good faith and without any knowledge of alleged illegality or lack of authority to issue any of such warrants, and that plaintiff should thereby be estopped from any right of action against the defendant. Defendant denied that

plaintiff was damaged in the sum mentioned or any other sum by reason of the issuance and payment of said warrants, but alleged the truth to be that most of said warrants were issued in payment of salaries earned by teachers under contract with said school district and the remainder thereof on payment of allowances by the board of directors of said school district for necessary incidental expenses of operating schools and expenses of improvements of buildings, etc., and prayed that the complaint be dismissed.

Defendant thereafter filed an amendment to his answer, alleging that he presented said warrants for credit and cancellation, as the law requires, to the Chicot County Court, and that said warrants were duly examined, audited, allowed, canceled, and his accounts credited with same. That judgment approving said settlement and allowing him credit for said warrants, as set forth in the complaint, by the Chicot County Court, was duly entered. That said judgment still stands as a record of said court; that the plaintiff had its day in court, and that plaintiff has not filed petition to set aside said settlement, nor to reopen same, and has taken no appeal, and pleads the judgment of said county court.

Plaintiff then filed reply to the amendment to answer, stating that the complaint was filed in May, 1924, answer filed at October term, 1924, continuance granted, and that the amended answer was filed at the time. Plaintiff states that it was not before the county court when defendant presented fraudulent warrants and obtained the order giving defendant credit for them, and was not a party to the suit; that the county court had no jurisdiction nor authority to enter an order crediting said Splawn with the amount of said fraudulent warrants; that the warrants were void; that, upon the discovery of the fraud in issuing said warrants, President Thompson, W. T. Knight, director, and other directors of the district took the matter up with the county superintendent, D. T. Henderson, and the defendant, W. J. Splawn, as county treasurer, and that, at a conference between the plaintiff

and defendants, the county superintendent and M. C. Hall, the defaulting secretary, the amount of the defalcation and fraudulent warrants issued by said Hall as secretary was fixed and arrived at, the said Hall agreeing to pay the amount to the said Splawn, county treasurer, and during this proposed settlement and adjustment the defendant, Splawn, appeared in the county court and presented the warrants for cancellation and credit, without the knowledge or consent of plaintiff or its officers.

The court entered the following order: "On this day this cause is heard by the court upon the amended answer of defendant, which is taken and considered by the court as a motion in abatement of plaintiff's suit, and upon due consideration thereof said motion is sustained. It is therefore considered, ordered and adjudged by the court that plaintiff's complaint and cause of action herein is abated and dismissed, and that plaintiff pay all costs herein. To which ruling of the court in sustaining said motion and dismissing plaintiff's suit, the plaintiff at the time excepted."

The defendant introduced the county clerk, and by him introduced the records, and the clerk also testified that the warrants were presented by the county treasurer to the county court in open court, canceled, and credited to the proper account of the county treasurer. That he gave the warrants to Mr. Kirten, attorney for the school district, some time last year; that all the warrants involved in this suit were canceled at various times by the county court and credited to Splawn's account, and filed certified copies of the judgments. The judgments were dated August 19, 1922; February 1, 1922; October 1, 1921; September 18, 1922. The treasurer's certified copy of the treasurer's. settlement was filed October 6, 1925. The clerk further testified that a balance was struck, and he exhibited whatever money he had on hand. Plaintiff renewed his motion to exclude the testimony of witness as incompetent, which motion was overruled; the court then stated he thought the plea in abatement which was in the answer was well taken, and that the defendant should

have judgment.   Plaintiff filed its motion for new trial,
which was overruled, and plaintiff prayed an appeal to
the Supreme Court, which was granted.

The appellee begins his argument by stating: "The
only questions involved upon this appeal, as presented
by the record, are: 1. Did the plaintiff's complaint pre-
sent a cause of action? 2. Did the circuit court have juris-
diction to try and adjudicate the matter involved upon
the record made and presented?"

His contention is that, before suit could be brought .
in the circuit court, it would have to be made to appear
that the county treasurer had made his settlement and
that the settlement showed a balance due; that this was
necessary to fix the liability of the treasurer, and cites
cases holding that it was necessary for the declaration
to contain an averment that the officer had settled with
the county court and failed to pay over the amount due,
or that he had failed to settle and the county court had
proceeded to adjust his account.   It is said in one of the
cases:

"The county court is the forum where the lia-
bility of the collector upon which that of his securities
depend, is to be ascertained and evidenced by his records.
An adjudication in that forum is conclusive evidence
against the securities as well as the collector in an action ·
upon his bond in the circuit court.   There can be no lia-
bility upon the collector's bond without such adjudication,
unless the circuit court can, in an action upon the bond,
draw to itself in a collateral way jurisdiction to investi-
gate and settle the accounts of delinquent officers for the
collection of revenue which apparently belonged to the
county courts."   *Jones* v. *State use of Pope County,* 14
Ark. 170.

It should be remembered that the above case was
with reference to the settlement of the accounts of the
collector, and what the court held there was that, when
that was true, the circuit court did not have jurisdiction to
investigate and settle the accounts of the delinquent offi-

cers for the collection of revenue which appropriately belonged to the county court.

The next case to which attention is called by appellee is the case of *Greene County* v. *Croft*, 24 Ark. 550, in which case the court held that it was the duty of the county court to cause settlement to be made with the treasurer to ascertain the state of accounts and strike a balance, if any due him, that this was necessary in order to fix the liability of the treasurer and his securities upon the bond, and in a suit upon a bond this was a necessary averment.

In the case of *Graham* v. *State use of Monroe County*, 100 Ark. 571, the court also held that, before suit could be brought in the circuit court, it was necessary, in order to fix the liability of the sureties of the treasurer, that a settlement should be made with him by the county court, as the law requires, and the amount due determined and ordered to be paid by it before suit could be brought against his bondsmen for any default. That such judgment, when made, is conclusive as to the liability of the sureties, and that it is a condition precedent to the bringing of a suit against them.

It was again held that suit could not be brought in the circuit court before a determination and adjudication fixing the liability of the sheriff's account. *State use of Columbia County* v. *Nabors*, 103 Ark. 16, 145 S. W. 550.

It may therefore be conceded that, if this were a suit against the treasurer for any amounts growing out of or in connection with the settlement required to be made with the county court, no suit could be brought until the county court had examined and passed upon the accounts of the treasurer. This, however, is not a suit of that character, but is a suit for damages for paying warrants in violation of law. It is provided by statute: "When the warrant of any board of directors, properly drawn, is presented to the treasurer of the proper county, he shall pay the same out of any funds in his hands for that purpose belonging to the district specified in said warrant." Crawford & Moses' Digest, § 8925.

This wrongful act, if it were wrongful, had nothing to do with his accounts or with his settlement with the county court.

This court held, in the case of *Hendrix* v. *Morris,* 127 Ark. 222, 191 S. W. 949, that the warrants of a school board issued in payment of the cost of transportation for pupils were invalid when issued by districts other than such school districts as became consolidated school districts in the manner and under the terms of the act. This court reversed the case, and held that the court should have enjoined the issuance or payment of any warrant covering the operation of the automobile, as prayed by appellant.

Again, the court said, in the suit against the treasurer and the school directors, that the school directors were not liable, but continued:

"A different rule of law, however, applied to the treasurer. He is only authorized to pay out money on the orders or warrants of the board of directors of a school district *properly drawn.* The law requires that the directors shall draw orders on the treasurer for the payment of wages due teachers, or for any lawful purpose, and they shall state in every such order the services or consideration for which the order is drawn, and that, when the warrants are properly drawn, he shall honor the same out of the funds in his hands for that purpose belonging to the district. When a warrant is therefore presented to the treasurer for payment for an unauthorized purpose, the treasurer pays the same at his peril, and is personally and individually liable to the district for the moneys unlawfully expended. The judgment of the trial court dismissing appellant's complaint against the appellees, directors, is therefore affirmed. The judgment dismissing the complaint against the treasurer is erroneous and is therefore reversed, and the cause as to him is remanded for a new trial." *Hendrix* v. *Morris,* 134 Ark. 358, 203 S. W. 1008.

In cases against those officers who are required by law to make settlement with the county court, as treas-

urer and collector are required to do, a suit cannot be maintained against them in the circuit court as required by law, but, in a case against such officer for a wrongful act, like the misappropriation or conversion of school funds, suit may be brought in the circuit court, whether the officers' accounts have been passed on by the county court or not. It is not a question of his settlements or his accounts, but a question of wrongful conduct resulting in damage to the school district. Certainly there could be no reason to have the county court pass on whether or not a treasurer had wrongfully paid a warrant. As to whether the treasurer did or did not wrongfully pay these warrants or any of them, is a question of fact, and may be determined in a trial in the circuit court without any regard to what the officer may have done in the county court. It might happen that an officer would make a settlement, and that the school directors or other persons whose money had been converted or misappropriated would know nothing about the settlement, and might not learn about it until the two years had expired, but, independent of that, we think there is no reason why the county court should act in a case like this before suit is begun in the circuit court, and that such action by the county court is not necessary to give the circuit court jurisdiction.

The case is therefore reversed, and remanded for new trial.