STATE, USE JACKSON COUNTY, *v.* MURPHY.

4-4220

Opinion delivered March 16, 1936.

*Roy Richardson, Howard Hasting* and *S. L. Richardson,* for appellant.

*John C. Ashley* and *Buzbee, Harrison, Buzbee & Wright,* for appellees.

HUMPHREYS, J.   Appellant brought two suits in the circuit court of Jackson County against appellees, one of them to recover $499.19 and one for $1.50, alleging as the basis of the suits that the treasurer of said county cashed warrants out of the general revenue fund of the county for the amounts, which warrants were void because issued in excess of the revenues for the years to which they were chargeable, in violation of Amendment No. 10 of the Constitution of 1874, to the injury of the county, and that the wrongful act of the treasurer in cashing the warrants was a breach of his bond. A demurrer was filed to each of the complaints on the ground that the circuit court was without jurisdiction to hear, try and determine the issues raised, and that if it had jurisdiction, the complaint did not state facts sufficient to constitute a cause of action. For the purposes of trial, the cases were consolidated. Upon a hearing, the court sustained the demurrer to each complaint, and appellants, electing to stand upon their complaints and refusing to plead further, the complaints were dismissed, from which judgment of dismissal, an appeal has been duly prosecuted to this court.

The condition contained in the treasurer's bond, made a part of the complaint, are for the true and faithful performance of his duties as county treasurer, and

for an accounting and payment over of all money coming into his hands as treasurer.

These demurrers were sustained by the trial court to the complaint, and the complaints were dismissed without assigning the reason for doing so.

It is argued that the court was correct because the complaints contained no allegation that, in the settlement with the treasurer, it was found and adjudged by the county court that he was indebted to the county in any sum which he had not paid. This was not necessary as a condition precedent to bring a suit against him and his bondsmen for paying void warrants. The payment of void warrants by the treasurer was clearly a violation of his official duties, and the bond provided he would faithfully perform his duties. The case of *Haley-Thompson Special Consolidated School District* v. *Splawn,* 172 Ark. 797, 290 S. W. 957, is authority for bringing suits in the circuit court for wrongful acts of a county treasurer for cashing and paying void warrants whether the officer's accounts have been passed upon by the county court or not. His wrongful acts in the performance of his duties have nothing to do with his accounts or settlements. It was said by this court in the case of *School District* v. *Splawn, supra,* that: ''Certainly there can be no reason to have the county court pass on whether or not a treasurer had wrongfully paid a warrant. As to whether the treasurer did or did not wrongfully pay these warrants, or any of them, is a question of fact, and may be determined in a trial in the circuit court without any regard to what the officer may have done in the county court. We think there is no reason why the county court should act in a suit like this before suit is begun in the circuit court, and that such action by the county court is not necessary to give the circuit court jurisdiction.''

It is also argued that Amendment No. 10 to the Constitution of 1874 has no application to the payment of warrants ordered and issued against the general revenue fund in excess of the revenues for the years to which they were chargeable. The demurrers admitted in these cases that the two warrants in question were void be-

cause allowed and issued contrary to the amendment, and it necessarily follows that the treasurer was without authority to pay such warrants. The amendment would mean nothing, and be of no force and effect if warrants allowed and issued in violation of it might be paid by the treasurer with impunity. It is true no penalty is imposed by the amendment upon the treasurer for paying them such as a fine or imprisonment, but it does not exempt him from liability for doing so. The complaints alleged a good cause of action.

The judgments are reversed, and the causes are remanded with directions to overrule the demurrers, and to proceed with the trial upon their merits.