BATES TOWNSHIP SCHOOL DISTRICT *v.* ELLIOTT.

1. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.
   In the construction of a statute the manifest intent of the legislature must prevail over the literal sense of the terms used.

2. SAME—PRACTICAL CONSTRUCTION.
   Rule favoring acceptance of a practical construction of a statute is limited in that manifest purpose of the legislation must not be defeated.

3. SCHOOLS AND SCHOOL DISTRICTS — TOWNSHIPS — TRANSPORTATION OF CHILDREN.
   "The promotion of the thorough education of the children" is power delegated to the board of education of a township school district which, without express statutory authority *aliunde,* does not authorize expenditure of State aid money for transporting children to and from school (2 Comp. Laws 1929, §§ 7104, 7156 [i, r]; Act No. 236, § 7, Pub. Acts 1933).

4. COSTS—CONSTRUCTION OF STATUTE.
   No costs are allowed in mandamus proceeding by school districts against superintendent of public instruction where action involves construction of a statute (2 Comp. Laws 1929, §§ 7104, 7156 [i, r]; Act No. 236, § 7, Pub. Acts 1933).

Petition by township school districts of the townships of Bates, Stambaugh and Iron River for writ of mandamus against Eugene B. Elliott, Superintendent of Public Instruction, and others to compel payment of accounts for transportation of children to and from school. Submitted April 21, 1936. (Calendar No. 38,841.) Writ denied September 2, 1936.

*M. S. McDonough,* for plaintiffs.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd* and *Arthur E. Kidder,* Assistants Attorney General, for defendants.

Edward M. Sharpe, J. This is an action to compel the superintendent of public instruction and other State officials to grant State aid to plaintiff school districts under Act No. 236, § 7, Pub. Acts 1933.

The plaintiffs are township school districts within Iron county. The Bates district has an area of 24 by 15 miles with a population of 1,263; the Stambaugh district has an area of 24 by 24 miles and a population of 6,014; Iron River district has an area of 23 by 18 miles and a population of 6,498. There is a total enrollment in all three districts of 5,062 pupils.

Subsequent to the year 1920, schools in this section of the State began to become centralized; and at the present time, each of said plaintiff school districts had a complete system of centralized graded and high schools. Each of said plaintiff school districts continued to transport pupils during the years 1933, 1934, and 1935 at a cost of approximately $56,000.

Act No. 121, Pub. Acts 1935, provides for the transportation of pupils in township school districts, but only in accordance with its terms. Plaintiff contends that prior to the passage of the above act the right to transport pupils existed, but could be invoked only when local conditions made it necessary; that 2 Comp. Laws 1929, § 7156, subd. i, makes an express grant of power to the boards of education, "To have the general care of the schools of the district and make and enforce suitable rules and regulations for the general management of the

schools'' and 2 Comp. Laws 1929, § 7156, subd. r, authorizes boards of education:

"To do all things needful and necessary for the maintenance, prosperity and success of the schools of the district and the promotion of the thorough education of the children thereof."

Prior to the enactment of Act No. 319, Pub. Acts 1927 (2 Comp. Laws 1929, § 7094 *et seq.*), township school districts in the upper peninsula were governed by Act No. 176, Pub. Acts 1891 (2 Comp. Laws 1915, § 5892). This act was amended by Act No. 154, Pub. Acts 1903, and provided that (section 8 [2 Comp. Laws 1915, § 5899]):

"When in any contiguous territory of said township district there are ten or more children of school age, living not less than three miles, nor more than eight miles, from any schoolhouse in said district, the board of education shall, upon the petition of a majority of the parents or legal guardians of said children, provide school advantages for such children, either by establishing a subdistrict, or by providing transportation to some school already established within the township."

Act No. 226, Pub. Acts 1917, pertains to the establishment of rural agricultural school districts and authorizes boards of education in such school districts and under certain conditions to provide transportation for pupils, but when Act No. 319, Pub. Acts 1927, was adopted it provided in part 1, chap. 2, § 10 (2 Comp. Laws 1929, § 7104) that:

"At an annual or special meeting the district may vote to discontinue school in the district for the ensuing or current year and direct the school board to make provision to send the children resident therein to another school or schools; or it may vote

to direct the school board to make provision to send the children of the seventh and eighth grades to another school or schools. When such action has been taken the school board shall have authority to use any funds, except library funds, in the hands of the treasurer to provide and equip a vehicle, to pay the tuition and transportation of all such children, and if necessary to vote a tax for such purposes. The vehicle used for the transportation of the children shall be of ample capacity, shall be enclosed to keep out rain or snow, and shall be provided with robes and footwarmers or other heating apparatus during cold weather.'' *

It will be noted that the provision of Act No. 154, § 8, Pub. Acts 1903, authorizing transportation of pupils in the upper peninsula was omitted when Act No. 319, Pub. Acts 1927, was enacted.

It must follow from an examination of the above acts that there is no express provision for the transportation of pupils of plaintiff school districts, and if such authority exists it must come from the implied power stated in 2 Comp. Laws 1929, § 7156, subd. r:

''And to do all things needful and necessary for the maintenance, prosperity and success of the schools of the district and the promotion of the thorough education of the children thereof.''

In *Township of Stambaugh* v. *Iron County Treasurer,* 153 Mich. 104, we held that in the construction of a statute the manifest intent of the legislature must prevail over the literal sense of the terms used. And in *Westbrook* v. *Miller,* 56 Mich. 148, we said:

''The rule which favors the acceptance of a practical construction of statutes has its limits, and must

---

\* 2 Comp. Laws 1929, § 7104 was amended by Act. No. 54, Pub. Acts 1931, and Act No. 209, Pub. Acts 1933.—Reporter.

not be suffered to defeat the manifest purpose of the legislation.''

In *Stearns* v. *Vincent,* 237 Mich. 390 (syllabus), we held:

''The practical construction given to a statute by city and county official will not be suffered to override the plain meaning of its provisions.''

See, also, *Soo Sand & Gravel Co.* v. *M. Sullivan Dredging Co.,* 259 Mich. 489; *MacQueen* v. *City Commission of City of Port Huron,* 194 Mich. 328.

In *Mills* v. *School Directors of Consolidated District No. 532,* 154 Ill. App. 119, the court said this statutory power to ''secure for all such children the right and opportunity to an equal education in such free schools'' does not include the power of furnishing transportation, since ''to secure the right and opportunity of equal education does not require that the children should be hauled to school any more than it would require that the directors should clothe them or furnish meals.''

In *Hendrix* v. *Morris,* 127 Ark. 222 (191 S. W. 949), the court held that in the absence of express statutory power, a school board is not authorized to expend money for the carrying of children to school.

See, also, 12 A. L. R. 913; *State, ex rel. Beard,* v. *Jackson,* 168 Ind. 384 (81 N. E. 62).

In our opinion ''the promotion of the thorough education of the children'' as found in the statutes does not authorize the expenditure of money to taxi children to and from school. An examination of the statute involved does not expressly make such a grant, nor is it essential to the purposes of education. It must then follow that when these expenditures were made by the school districts in 1933,

1934 and 1935 the school boards exceeded their authority and the writ of mandamus must be denied. No costs will be allowed as this cause involves the construction of a statute.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSH-NELL, and TOY, JJ., concurred. POTTER, J., took no part in this decision.