STATE, EX REL. BEARD, *v.* JACKSON, TRUSTEE.

[No. 20,883. Filed April 26, 1907.]

1. MANDAMUS.—*Nature of Writ.*—Mandamus is a common-law action to compel an inferior tribunal, corporation, board or person to perform a clear, positive, common-law or statutory duty. p. 386.

2. SCHOOLS.—*Free Transportation for Pupils.*—Township trustees are under no legal duty to furnish free transportation to school children, to and from the public schools. p. 387.

3. STATUTES.—*Specific Description Followed by General.*—Where a statute contains specific descriptions followed by words of general import, such general words should be restricted to things of like character to those specifically enumerated. p. 389.

4. SCHOOLS. — *Taxes.—Special School.—Purposes.*—The statute (§5953 Burns 1901, §4467 R. S. 1881), authorizing school trustees to levy a special school tax for the construction and repairing of school houses, providing furniture, apparatus and fuel, and for "other necessary expenses," does not authorize such trustees to pay for transportation of the school children to and from the schools. p. 389.

5. SAME.—*Transportation of Pupils.—Orders of County Superintendents.—Validity.*—In the absence of a statute authorizing trustees to provide transportation to their pupils to and from the schools, a decision of the county superintendent that such trustees should do so, is void. p. 390.

From Vermillion Circuit Court; *Gould G. Rheuby,* Judge.

Action by the State of Indiana, on the relation of Fred Beard, against Caleb B. Jackson, as trustee of Helt School Township. From a judgment·for defendant, plaintiff appeals. *Affirmed.*

*B. S. Aikman, Lamb, Beasley & Sawyer* and *Stimson & Condit,* for appellant.

*Conley & Conley,* for appellee.

MONTGOMERY, C. J.—This is an action of mandamus brought by the relator to compel appellee as township trustee to furnish free transportation for certain pupils to and from a consolidated school of the township. An alternative writ was issued, a demurrer thereto for want of facts sustained, and final judgment rendered in favor of appellee.

It is alleged that the court erred in sustaining appellee's demurrer to the complaint.

The allegations of the writ were, in substance, as follows: That the relator is a resident taxpayer and legal voter of Helt township, Vermillion county, and of the consolidated school district consisting of the districts formerly numbered 5, 6, 7, 11, 12, 18 and 19 in said township; that appellee is the duly elected, qualified and acting trustee of said township, and *ex officio* trustee of⁻Helt school township; that during the year 1903 said districts 5, 7, 11, 12, 18 and 19 were legally abandoned and duly consolidated for school purposes with said district 6, and a new school building erected in district 6, sufficient for the accommodation of all children of school age resident in the consolidated district; that the school township owns seven suitable wagons, purchased by a former trustee and used for the purpose of conveying children to school; that said consolidated school is maintained by appellee, as a joint graded and high school, with necessary equipment and

sufficient teachers for the accommodation and tuition of all the school children of said district, and is open and in operation; that 175 children of school age live in said district and are attached to said consolidated school for school purposes, of whom 150 live over one mile, 100 over two miles, 30 over three miles, and several over four miles, from said school building; that unless free transportation is furnished to and from said school, many of said children will be unable to attend, and some will be transferred, at the expense of said township, to some other school corporation; that the advisory board of Helt township has levied and appropriated funds sufficient to furnish such free transportation, which have been collected and are now in the hands and at the disposal of appellee as such trustee, and the use of such funds by him for said purpose has been, by said board, requested and ordained; that on October 14, 1905, said school being in term, a majority of the taxpayers, parents and guardians, resident in said district, filed with appellee their petition in writing, praying that as such trustee he furnish free transportation to and from said school for all said children, except those living in the original school district number six, or within one mile of said school; that appellee denied the prayer of said petition, and petitioners duly appealed to the county superintendent, who, on October 16, reversed appellee's decision and ordered him to use the means provided, and furnish transportation, as prayed in said petition; that appellee had due notice of said decision, took no appeal therefrom, but neglects and refuses to furnish transportation for any of said children, to relator's damage in the sum of $300.

In this State, "writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially 1.  enjoins, or a duty resulting from an office, trust or station." §1182 Burns 1901, §1168 R. S. 1881. This statute is substantially declaratory of the common-

law doctrine. Mandamus is in no sense an equitable proceeding, but is a common-law remedy to compel performance of a legal duty. The relator must have a clear legal right to the thing demanded, and it must be the imperative duty of the respondent to perform the act required. If either the right or the duty be doubtful, the writ will not be issued. A duty arising out of statute must not be merely permissive or discretionary, but the statute must require the act to be done, or it will not be enforced by mandamus.

It is contended by appellee's counsel that the complaint in this case shows no legal right in the relator to require, nor enforceable obligation upon appellee to provide, free transportation, as sought to be compelled in this proceeding. The view we entertain with regard to the law upon the second of these propositions leads to an affirmance of the judgment and makes it unnecessary to determine the first.

Our attention has not been directed to a statute specially enjoining the duty of providing free transportation for school children upon township trustees. No such 2. statute existed when this action was brought. In the act of 1899, requiring compulsory attendance at school, it was provided: "If any child live more than two miles from the nearest public school, he shall not be subject to the provisions of this act, unless free transportation to and from school is provided for such child." Acts 1899, p. 547, §9. This act was superseded by the statute of 1901, from which the provision quoted was omitted. Acts 1901, p. 470, §6033a *et seq.* Burns 1901. The only reference to free transportation of school children found in statutes prior to the act of 1907 (Acts 1907, p. 444) is as follows: "It shall also be cause for transfer if the nearest school to any child entitled to school privileges shall be more than one mile from the residence of such child and there be a school in an adjoining corporation within one-half mile, unless free trans-

portation is provided." Acts 1901, p. 448, §5959a Burns 1901. This indefinite allusion in no way indicates by whom or by what means such free transportation may be furnished, and comes far short of a requirement that the same shall be provided.

The official duties, relevant to the question under consideration, specified in the law are: "That.the school trustees shall take charge of the educational affairs of their respective townships, towns and cities. They shall employ teachers, establish and locate conveniently a sufficient number of schools for the education of the children therein, and build, or otherwise provide, suitable houses, furniture, apparatus and other articles and educational appliances necessary for the thorough organization and efficient management of said schools." Acts 1901, p. 514, §5920 Burns 1901. No suggestion that free transportation of children be provided is here found, but, on the contrary, it is commanded that a sufficient number of schoolhouses be provided and conveniently located for the education of the children. This statute also authorizes a township trustee to establish at least one separate graded high school in his township, for advanced pupils, provided at least twenty-five common school graduates of school age reside in the township. We are not required to consider either the wisdom or legality of the general consolidation of common schools shown by the complaint, but the inconvenience thus voluntarily occasioned can have little weight in construing general statutes prescribing the duties of school trustees of the State. The Constitution requires that provision be made by law "for a general and uniform system of common schools." Const., Art. 8, §1. If the duty to furnish free transportation to and from school is imposed upon appellee, a like obligation rests upon all other school trustees. The legal duty of appellee is not affected by the circumstance that his predecessor, with the concurrence of the advisory board, levied a tax to provide

such transportation. The authority for levying special school taxes is found in a statute enacted in 1873 (Acts 1873, p. 68, §5953 Burns 1901, §4467 R. S. 1881), which reads as follows: "The trustees of the several townships, towns and cities shall have the power to levy a special tax, in their respective townships, towns or cities, for the construction, renting or repairing of schoolhouses, for providing furniture, school apparatus and fuel therefor, and for the payment of other necessary expenses of the school, except tuition."

Appellant's counsel contend that the levying of this tax was warranted under the clause, " for the payment of other necessary expenses of the school." It is a well-settled principle that where words of a particular or specific description in a statute are followed by general words which are not so specific, the latter are to be construed as applicable to things of like character to those designated by the preceding specific words, unless there is a clear manifestation on the part of the legislature of a contrary purpose. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *State, ex rel.,* v. *Board, etc.* (1904), 162 Ind. 183; *Cleveland, etc., R. Co.* v. *Bergschicker* (1904), 162 Ind. 108; *Nichols* v. *State* (1891), 127 Ind. 406; *Miller* v. *State* (1889), 121 Ind. 294.

Applying this rule of *"ejusdem generis"* to the expression "other necessary expenses" it must mean other expenses necessary and incident to providing schoolhouses, furniture, apparatus, fuel and other things of like general character. It is difficult to conceive that a legislature, sitting more than thirty years ago, contemplated by this expression that the transportation of pupils would be a necessary expense of the school. If the furnishing of such free transportation under the law be deemed expedient, the legislature should enjoin the duty upon the appropriate officers, authorize the levy of adequate taxes to meet the expenses thereof, and prescribe the con-

ditions and limitations under which the same is to be provided. In the absence of all such legislation, the county superintendent was without jurisdiction over the subject-matter, and the order made by him was without force and void. The requisite legislation cannot be supplied by the courts, school officers, or local tribunals, but must emanate from the lawmaking body and be general and uniform in its application. *Honey Creek School Tp.* v. *Barnes* (1889), 119 Ind. 213; *First Nat. Bank* v. *Adams School Tp.* (1897), 17 Ind. App. 375; *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193.

The statutes cited do not enjoin upon appellee, as trustee, the duty of providing free transportation of pupils to and from school, and the demurrer to the complaint was correctly sustained.

The judgment is affirmed.