PADDOCK, MAYOR, v. STATE OF INDIANA, EX REL.
FITZMAURICE ET AL.

[No. 22,995.  Filed November 29, 1916.]

1.  MANDAMUS.—*Elements.*—*Right to Writ.*—Mandamus is an extraordinary writ and will issue only when it appears that the relator has not only a clear legal right, but also that there is no other adequate remedy, and that it is the imperative duty of the defendant to do the act sought to be compelled.  p. 651.

2.  MANDAMUS.—*Right to Writ.*—*Compelling Mayor to Sign Paving Contract.*—Where the city council after adopting a resolution awarding a contract for a street improvement to plaintiffs and ordering the mayor to execute the same in behalf of the city, reconsidered its action on such resolution before the execution of such contract and awarded the contract to another, such action operated as a revocation of the mayor's authority to execute a contract with plaintiffs and he could not be mandated to sign the same.  p. 652.

From Jay Circuit Court; *Jacob F. Denney*, Judge.

Action by the State of Indiana, on the relation of John J. Fitzmaurice and another, against Charles A. Paddock, mayor of the City of Portland.  From a judgment. for relators, the defendant appeals. *Reversed.*

*Charles E. Sturgis, Robert W. Stine* and *M. V. Skinner*, for appellant.

*James R. Fleming* and *Frank B. Jaqua*, for appellees.

SPENCER, J.—It appears from the special finding of facts in this case that on May 3, 1915, the common council of the city of Portland adopted a resolution declaring that it was deemed necessary to grade and pave a part of Pleasant street in said city under and pursuant to the provisions of §8710 *et seq.* Burns 1914, Acts 1909 p. 412.  Such other proceedings in the premises were thereafter had as resulted, on July 12, 1915, in the adoption by the council of a further resolution awarding the con-

tract for such improvement to the relators herein and directing appellant, as the mayor of the city, to execute the contract in its behalf. Two days later, at a special session of the council, its vote on the resolution of July 12 was reconsidered and the contract in question then awarded to one North. The relators thereafter tendered for acceptance by the city a contract in the form provided by the resolution of July 12 and, on appellant's refusal to execute the same, they instituted this proceeding in mandamus to compel such action.

The general rule is well settled that as mandamus is an extraordinary writ or proceeding, not only must a clear legal right in the relator be shown but it must also appear that there is no other adequate remedy, and that it is the imperative duty of the defendant to do the act, or acts, the performance of which is sought to be enforced. *State, ex rel.* v. *Beck* (1910,) 175 Ind. 312, 317, 93 N. E. 664; *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302, 306, 88 N. E. 505.

Applying the principle thus announced to facts which are similar to those in the present case, the Supreme Court of New York, in *People, ex rel.* v. *Aldridge* (1894), 83 Hun. 279, 31 N. Y. Supp. 920, has held that where, at the direction of the common council of a city, a committee representing such council has obtained bids for a public work and has awarded a contract therefor to one of the bidders, and afterwards the council votes to reconsider its previous action and to postpone further consideration of the same, no further action on the part of the committee or of the mayor is enforcible by mandamus; that the remedy, if any, of the person whose proposal was accepted is by an action for damages.   See, also, *People, ex rel.* v. *Campbell*

652      SUPREME COURT OF INDIANA,

Vandalia R. Co. *v.* Public Service Commission—185 Ind. 652.

(1878), 72 N. Y. 496; *Day* v. *Ryan* (1914), 245 Pa. 154, 91 Atl. 633; 26 Cyc 291.

So, in this case, whether the action of the common council in reconsidering its award of the contract to relators was legal or illegal, a question which we may not here determine, it is clear that such action operated as a revocation of authority in appellant to execute the contract tendered by relators and he may not be compelled to sign the same.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance herewith.

NOTE.—Reported in 114 N. E. 217. Mandamus, to compel letting of contract by city, 17 Ann. Cas. 651; 26 Cyc 291; application of remedy to other duties, 125 Am. St. 492.