STATE OF INDIANA, EX REL., WISCONSIN LUMBER
AND COAL COMPANY *v.* REITER, JUDGE.

[No. 12,854.    Filed December 22, 1926.    Rehearing denied February 17, 1927.]

1. APPEAL.—*Judgment not disposing of issue on cross-complaint not rendered final by subsequent dismissal of cross-complaint.* —Where a judgment did not dispose of the issue raised by a cross-complaint, it was not final so that an appeal could be prosecuted therefrom, and a dismissal of the cross-complaint more than a year later would not have the effect of amending the judgment so as to make it final.    p. 602.

2. APPEAL.—*Overruling of motion for final judgment after discovery of defect in judgment rendered did not constitute final judgment.*—The overruling of a motion for final judgment after judgment rendered was shown to be defective because of not disposing of issue on cross-complaint, *held* not to be a final judgment, although the cross-complaint had been dismissed. p. 603.

3. MANDAMUS.—*Mandamus will issue to compel rendering of final judgment so that appeal may be taken.*—Under the provisions of §1244 Burns 1926, the Appellate Court has power to issue a writ of mandate directing a judge to render final judgment in a cause where the judgment previously rendered did not cover the issues raised by a cross-complaint, jurisdiction of the appeal being in the Appellate Court.    p. 603.

Original action in Appellate Court.

Action in the Appellate Court on the relation of the Wisconsin Lumber and Coal Company to compel Virgil S. Reiter as judge of the Lake Superior Court to render a final judgment in an action in said court. *Peremptory writ issued.* By the court in banc.

*Fred Barnett* and *John D. Kennedy,* for plaintiff.

*Ibach, Gavit, Stinson & Gavit* and *Abe Ottenheimer,* for respondent.

REMY, J.—Suit commenced in this court, by relator in the name of the state, for a writ of mandamus. The material facts set forth in the petition are, in substance, as follows: Respondent is judge of the Lake Superior

Court; relator is, and for many years has been, engaged in buying and selling building material, and on May 23, 1924, instituted a suit against Frank G. Wall, George Oswego and Mabel Oswego, as principal defendants, on an account and for a foreclosure of a materialman's lien; in the suit, the American State Bank and numerous others were joined as defendants in order that certain questions as to priorities might be adjudicated; the American State Bank, in addition to an answer in denial, filed a cross-complaint asking judgment against Wall and the Oswegos and for a foreclosure of a mortgage against all of the parties; on November 24, 1924, the cause was tried, and a judgment was rendered, from which an appeal was taken to this court; on appeal, the judgment, as shown by the record, was silent as to the issue presented by the cross-complaint, and on May 19, 1926, the appeal was by this 'court dismissed (*Wisconsin Lumber, etc., Coal Co.* v. *Wall* [1926], 84 Ind. App. 642, 151 N. E. 830) ; thereupon, on July 2, 1926, appellant relator appeared before respondent, Virgil S. Reiter, judge of the Lake Superior Court, and filed a motion that the court render final judgment in the cause; upon the filing of the motion, but before the court ruled thereon, the American State Bank appeared and dismissed its cross-complaint, the order-book entry of the motion and dismissal being as follows: "Comes now the plaintiff and shows that on May 19, 1926, the Appellate Court of Indiana dismissed its appeal from the judgment in this cause; and appellant tenders for filing a certified copy of the opinion of the Appellate Court of Indiana rendered May 19, 1926, on dismissal of said cause, and asks for final judgment herein; which certified copy is in these words   *   *   *.   And the defendant American State Bank of East Chicago, Indiana, dismisses its cross-complaint."

On September 16, 1926, the court overruled appel-

lant's motion for final judgment, the order-book entry of the court's action being: "Come now the parties appearing herein, and it appearing to the court that judgment has been entered in said cause on November 24, 1924, the motion of plaintiff for final judgment is now overruled, to which ruling of the court the plaintiff duly excepts."

This court, in its opinion of May 19, 1926, dismissing the appeal, held that the judgment of November 24, 1924, was not a final judgment from which an appeal would lie; and for the purpose of procuring a judgment from which an appeal could be prosecuted, the motion of July 2, was presented to the trial court. It is suggested by respondent that the dismissal of the cross-complaint was equivalent to an amendment of the original judgment, making it a final judgment as of July 2, 1926. In that view we do not concur. The judgment of November 24, 1924, was rendered on the record of that date, from which time the cross-complaint remained upon the docket through many terms of court, and until its dismissal. What steps, if any, were taken in the case during that time do not appear, but that costs, such as docket fees, accrued is certain. These costs were not provided for in the original judgment, nor were the costs adjudicated as between the parties. It is provided by the Code (§472 Code of Civ. Proc., §646 Burns 1926) that in actions where several issues are presented, "the plaintiff shall recover costs upon the issues determined in his favor." See *Acker* v. *McCullough* (1875), 50 Ind. 447; *Dill* v. *O'Ferrell* (1880), 69 Ind. 500, 504. We hold that under the facts as shown by the record, the dismissal of the cross-complaint did not have the effect of amending the original judgment, as of the date of dismissal, and making of it a final judgment from which an appeal could be prosecuted.

The action of the court in overruling relator's motion for final judgment, as shown by the order-book entry of September 16, 1926, is not a final judg-
2. ment. Respondent does not seriously contend that it is. It is a mere ruling of the court to which an exception was taken.

No judgment having been rendered, the important question for determination is: Does this court, under the facts of this case, have the power to issue a writ of mandamus directing respondent, as judge of Lake Superior Court, to render a final judgment?

It is provided by the Code that writs of mandate "may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts, respectively." §803 Code of Civ. Proc., §1244 Burns 1926.

Relator is entitled to an appeal to this court. Before relator can prosecute an appeal, it must have a final judgment in the cause. The authority to render
3. a final judgment rests with respondent, as judge of the Lake Superior Court, who has refused to render such judgment, though the matter has been presented to him in a proper way. If the writ of mandamus prayed for is not issued, relator will be denied its constitutional right of appeal. Clearly, under the facts of this case, the issuance of the writ is in aid of the "appellate powers and functions" of this court, within the meaning of the provision of the Code above cited.

In other jurisdictions, courts of appeal have many times held that they had the power to mandate an inferior court to render a final judgment, where such writ was necessary to make effective the right of appeal. *State, ex rel.,* v. *Parker* (1895), 12 Wash. 685, 42 Pac. 113; *Havens* v. *Stewart* (1900), 7 Idaho 298, 62 Pac. 682; *State, ex rel.,* v. *Bradshaw* (1911), 59 Ore. 279, 117 Pac. 284; *Ex parte Bostwick* (1823), 1 Cowan (N.

Y.) 143; *In re Watts* (1914), 214 Fed. 80. See, also, *State, ex rel.*, v. *Engle* (1891), 127 Ind. 457, 26 N. E. 1077, 22 Am. St. 655; *Gregg, Justice of the Peace,* v. *State, ex rel.* (1898), 151 Ind. 244, 51 N. E. 359.

Peremptory writ of mandamus granted.