STATE, EX REL. MAINES v. SCOTT CIRCUIT COURT ET AL.

[No. 25,971.    Filed June 23, 1932.]

*L. A. Douglass* and *H. W. Phipps* for relator.

*M. L. Clawson, L. N. Mace* and *B. M. Owens,* for respondent.

TREANOR, J.—This is an original action in the Supreme Court by the relator, Oliver H. Maines, in the name of the State of Indiana for the purpose of obtaining a writ of mandate to require the judge of the Scott Circuit Court to enter a judgment in accordance with an award of the Industrial Board as provided for in §62 of the Workmen's Compensation Act (Acts 1929 p. 536, §9507 Burns Supp. 1929), which reads as follows: "Any party in interest may file in the circuit or superior court of the county in which the injury occurred, a certified copy of the memorandum of agreement approved by the board, or of an order or decision of the board, or of an award of the full board unappealed from, or of an award of the full board affirmed upon an appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court.

"Any such judgment of said circuit or superior court unappealed from or affirmed on appeal or modified in obedience to the mandate of the Appellate Court, shall be modified to conform to any decision of the industrial board, ending, diminishing or increasing any weekly payment under the provisions of section 45 of this act, upon the presentation to it of a certified copy of such decision."

An alternative writ issued from this court to the "Scott Circuit Court, and the Hon. John R. Carney, or his successor in office, sole judge thereof," requiring the rendition of judgment "in accordance with said award as directed by the statute" or a showing of cause for failure to so render judgment.

A return was made by the Hon. John R. Carney, ex-Judge, and the Hon. Frank Gardner, Judge of the Scott Circuit Court, the latter having succeeded the former as sole judge of the Scott Circuit Court. The relator filed his demurrer to the return.

The return of the defendants sets out certain matters connected with the procedure in the compensation trial before both the one hearing member and the full board; the purpose of setting out these matters apparently being to show lack of jurisdiction over William Montgomery, one of the defendants in the original compensation proceeding. The petition of the relator and the return of respondents both contain a complete copy of the finding and award of the Industrial Board and show that no appeal was taken from the award of the Industrial Board to the Appellate Court. Neither the finding nor the award reveals any lack of jurisdiction or even irregularity in procedure and until modified or set aside by the Industrial Board or by the Appellate Court the award is conclusive and neither the Scott Circuit Court nor this court has any power to go back of the award. In *Grant Coal Mining Co.* v. *Coleman* (1932), 179 N. E. (Ind.) 778, this court held that §62 of the Workmen's Compensation Act is constitutional and that an award of the Industrial Board is in legal effect the same as a *finding* or verdict; and that a circuit or superior court must, when an award is filed in the proper court, render judgment thereon and in accordance therewith. Assuming that a certified copy of the award in the instant case was filed in the "circuit . . . court of the county in which the injury occurred," it was as much the clear legal duty of the judge of that court to render judgment in accordance with the award as it would be to render judgment upon a finding or verdict. It is well recognized that a party cannot appeal from a refusal of a trial court to render judgment

and that the only available remedy is a writ of mandamus to compel the rendering of a judgment. In the instant case one of the defendants in the award proceeding filed a demurrer to the "plaintiff's petition for judgment of the State Industrial Board, which plaintiff's attorney filed with the clerk of this (Scott County Circuit) Court, with an oral motion that the same be made a judgment of record," etc. The demurrer raised no question, as the sole duty of the judge of the Scott Circuit Court was to render judgment in accordance with the award. The demurrer was sustained and the respondents insist that the "plaintiff has his remedy at law, by taking an appeal, after refusing to plead further." But we think that the relator (plaintiff) was not required to take any further steps. The demurrer had no effect as such and the action of the circuit court in sustaining the demurrer was equivalent to a refusal to enter judgment on the award. In *Grant Coal Mining Co. v. Coleman, supra,* we construed the statute to treat an "award or an approved agreement, as equivalent to a finding of a court or a verdict of a jury" and we concluded that circuit or superior courts were required "to pronounce judgment upon the basis of, and in accordance with, an award of the Industrial Board the same as they are required to pronounce judgment upon "findings," or verdicts of juries. It was clearly the duty of the judge of the Scott Circuit Court to render judgment upon the award and in accordance therewith, if a certified copy of the award was filed in the Scott Circuit Court.

Respondents allege in their return that a certified copy of the award "was never filed with the clerk of the circuit court of Scott County," yet the return contains the following excerpts from the order book of the circuit court:

"OLIVER H. MAINES VS. FRANK FREEMAN, et al.
No. 5094.

"Comes now the defendant, William Montgomery and files his separate demurrer to the certified copy of the award of the Industrial Board of Indiana (Here insert) (O. B. 35-602)

"STATE OF INDIANA SCOTT COUNTY, ss:

"In the Scott Circuit Court, October Term, 1930.

"OLIVER H. MAINES VS. FRANK FREEMAN, CORA FREEMAN, WILLIAM MONTGOMERY. No. 5094.

"The defendant, William Montgomery, severing in his defense from his co-defendants, demurs to plaintiff's petition for judgment of the State Industrial Board, which plaintiff's attorney filed with the Clerk of this Court, with an oral motion that the same be made a judgment of record of this Court, and for cause of demurrer says:"

"OLIVER H. MAINES VS. FRANK FREEMAN, et al.
No. 5094.

"Comes now the defendant, William Montgomery, by his attorney and comes also the plaintiff by his attorney and in the matter of said defendant's separate demurrer to plaintiff's certified copy of Industrial Board's award in this cause (Here Insert)."

It is clear from the above that something was filed in the Scott Circuit Court which constituted the cause of *Maines* v. *Frank Freeman, et al.* No. 5094, and that the court evidently considered that the certified copy of the award was before the court and that the question raised by the demurrer was whether judgment should be rendered on the award. The order-book entry of the action of the court in sustaining the demurrer of defendant Montgomery speaks of the demurrer as a "demurrer to the judgment being ordered by this court on the *Award* of the Industrial Board of Indiana in this cause."

The response is not sufficient to show that a certified copy of the award was not filed in the circuit court of Scott County. The relator cannot be held to have admitted by his demurrer to the response that the copy of the award was not filed, since the allegation in the response that a certified copy of the award was never filed with the clerk of the circuit court of Scott County is contradicted both by the order-book entries set out in the response and by the action of the court as recited in these same order-book entries.

The liability of William Montgomery under the award of the Industrial Board rested upon his failure to require the immediate employer of the relator to exhibit a certificate from the Industrial Board showing that the employer had complied with §68 (Acts 1929 p. 536, §9513 Burns, *supra*), of the Workmen's Compensation Act. In such a case the statute (§9459 Burns, Supp. 1929), requires the award to fix the order in which the defendants shall be exhausted, beginning with the immediate employer. It is apparent (as contended by respondents) that defendant Montgomery was entitled to have the award fix the order in which the parties should be exhausted, "beginning with the immediate employer"; but if the award does not so provide, the remedy of the defendant was to secure a modification of the award by the board or by an appeal to the Appellate Court. The circuit court has no power to change the award. But we see no reason why the circuit court could not construe the award to fix the order of exhaustion of defendants. The findings of the Industrial Board as set out in both relator's petition and return of respondents disclosed that Frank Freeman was the immediate employer; and under §9459, *supra,* he should be first exhausted. The award, however, reads, "that the plaintiff be and he is hereby awarded compensation as against the defendants, Frank Freeman and William

Montgomery," thus naming Freeman first. We think a judgment providing that Freeman be first exhausted would be in accordance with the award.

At the time the relator's petition for a writ of mandamus was filed in this court, the Hon. John R. Carney was sole judge of the Scott Circuit Court and the prayer was that the writ be directed to "said John R. Carney, sole Judge of the Scott Circuit Court, and his successors in office, and said Scott Circuit Court, that he, or his successor in office, as the case may be at the time when the order is made," etc. The alternative writ was directed to "the Scott Circuit Court and the Hon. John R. Carney, or his successor in office, sole judge thereof." The sheriff's return shows that the writ was served upon the Hon. Frank Gardner, sole judge of the Scott Circuit Court, who had succeeded Judge Carney; and Judge Gardner properly made return to the writ. As respects the rights of the relator, no legal consequences can be predicated upon the change of judges of the Scott Circuit Court. The judge is merely the necessary human instrumentality through which the court as a legal institution functions; and when the court is required to perform a particular function it is the duty of the incumbent judge to do the acts necessary to the performance of the function. When the alternative writ issued it required the circuit court of Scott County to render judgment in accordance with the award or to show cause. It was the personal duty of the incumbent judge to do the acts necessary to enable the Scott Circuit Court to function as required by the writ, and Judge Gardner recognized this duty by making a return for the purpose of showing cause; but the response to be good had to show cause why the Scott Circuit Court did not render judgment and not why Judge Gardner did not render judgment. If the statute was complied with, i. e., if the relator filed in the circuit

court of Scott County a certified copy of an award of the Industrial Board, it was imperative that the Scott Circuit Court render judgment in accordance therewith; and it was also the duty of the incumbent judge to do all the acts, mental and physical, which were necessary in order to enable the court to perform its function of rendering judgment. As already indicated, we construe the relator's petition and the return thereto to show that a certified copy of the award of the Industrial Board was filed in the Scott Circuit Court and we hold: (1) That it was the clear legal duty of the court to render judgment thereon; (2) that the action of the circuit court in sustaining the demurrer to relator's motion for judgment constituted a refusal to render judgment as required by the statute; (3) that relator's proper remedy was by writ of mandamus; and (4) that respondents' return fails to show cause why the Scott Circuit Court should not forthwith render judgment upon and in accordance with the award. The alternative writ is made absolute.