STATE EX REL. FEENEY *v.* SUPERIOR COURT OF MARION COUNTY ET AL.

[No. 26,411.   Filed January 17, 1934.]

*Philip Lutz, Jr.,* Attorney-General, and *Edward Barce,* Assistant Attorney-General, for relator.

*T. Ernest Maholm,* for respondents.

PER CURIAM—This is an original action seeking a writ prohibiting respondents from enforcing a restraining order against relator.

A complaint was filed with respondents seeking to enjoin relator and numerous others from enforcing the Automobile License Law, and a restraining order was issued, restraining relator and others "from enforcing or attempting to enforce either by collection, arrest, threats of arrest, confinement in jail or city prison, impounding of automobiles used for individual and private use and not for hire, prosecuting or attempting to prosecute any person or persons, for the violation of and the enforcement of Acts 1925, Chapter 213, Section 9, until further order of this court."

Relator asks a writ prohibiting respondents from enforcing this restraining order insofar as it affects relator's right to make arrests and initiate criminal prosecutions for violation of the statute referred to.

In the case of *State ex rel. Paul Fry et al.* v. *Superior Court of Lake County et al.* (1933), 205 Ind. 355, 186 N. E. 310, it is said that equity has no jurisdiction to enjoin criminal prosecutions or the operation of criminal statutes; that it has jurisdiction to protect property rights by injunction where the petitioner has no adequate remedy at law; and where the injunction for the protection of property rights incidentally involves restraining and enjoining criminal prosecutions or the enforcement of a criminal statute, this fact will not destroy the jurisdiction.

The act in question provides that no automobile shall be operated upon the highways until it is registered and

licensed, and provides for the payment of certain license fees, and certain methods of enforcing the law, among which is the impounding of motor vehicles which are on the highway without proper registration and license plates. It is also provided that operating a car without registration or license is a misdemeanor.

The respondent, The Superior Court of Marion County, is a court of general equity jurisdiction. It is clear that it has power to restrain the confiscation or impounding of motor cars since such cars are property. It is also clear that this may be done without restraining the making of arrests or waging of a criminal prosecution for operating a motor car without registration or license. It is within the jurisdiction of the Superior Court to restrain relator from impounding automobiles, but it exceeds its jurisdiction when it restrains the making of arrests or threats of arrest, confinement in jail or city prison, prosecuting or attempting to prosecute for violation of the law.

The temporary writ of prohibition heretofore issued does not prohibit the respondents from enforcing the restraining order against the impounding of automobiles, but it does prohibit respondents from exceeding their jurisdiction and restraining the making of arrests or threats of arrest, etc., and, therefore, the writ is made permanent.

### DISSENTING OPINION.

MYERS, J.—To the order granting a permanent writ of prohibition, I respectfully dissent.

This is an original action commenced by the State of Indiana on the relation of Al Feeney as Director of Safety, etc., v. The Superior Court of Marion County, Hon. Joseph R. Williams, one of the judges, Room 2, of that court, for a writ of prohibition prohibiting respondents from in any manner enforcing or attempting

to enforce the provisions of a certain temporary restraining order issued on January 5, 1934, by respondent Superior Court of Marion County, insofar as the same restrains relator from enforcing the criminal provisions of ch. 213, Acts 1925.

A copy of both the complaint in the Superior Court and the temporary restraining order of that court in cause No. A-75517, State of Indiana on relation of George S. Tenney and other citizens, owners of automobiles used for pleasure and not for hire, vs. Al Feeney as Director of Safety and certain other officers of Marion County and officers of the city of Indianapolis, naming them, praying injunctive relief against arrest, imprisonment and impounding of their automobiles in accordance with the provisions of ch. 213, Acts 1925, p. 570, are incorporated as a part of the complaint at bar.

The Superior Court complaint, by various allegations, challenged §9 of the Act of 1925, *supra,* on the ground that the license fees therein fixed are exorbitant, excessive, unreasonable and confiscatory; that it is a revenue measure, in that the fees so charged are greatly in excess of the amount necessary for registering such automobiles; that §9 is unconstitutional and void for the reason that it violates the due process clause of our Federal and State Constitutions. Other allegations with reference to Chapters 71 and 123, Acts 1933 are made the basis for a demand that §§1, 2, 4 and 7, Ch. 71, and §§1 and 2, Ch. 123, Acts 1933, be declared unconstitutional and void.

This court, on the 8th inst., issued a temporary writ of prohibition directed to respondents, returnable on the 10th inst., requiring them to show cause why such writ should not be made permanent. At the time so fixed for a return, respondent appeared and for cause why the writ so issued should not be made permanent,

in substance, stated that the temporary restraining order was issued on the facts appearing in the verified complaint and notice of hearing for injunctive relief given for the 15th inst.; that the restraining order so issued by respondent, Joseph R. Williams, the duly elected and qualified judge of the Superior Court, Room 2, was not effective beyond the boundaries of Marion County, and within such territorial limits respondents had jurisdiction to issue restraining orders and injunctions. Sec. 4-1418, Burns 1933, §1543, Burns 1926. §1611, Baldwin's 1934.

This is a prohibitory and not a mandatory action. In this jurisdiction it is a remedy limited by a statute to a particular use, that is to say, in the instant case this court may issue a writ of prohibition to the Superior Court of Marion County only when necessary to restrain and confine such court to its respective lawful jurisdiction. Sec. 3-2201, Burns 1933, §1244, Burns 1926, §1090, Baldwin's 1934. It is an extraordinary proceeding and should never be sustained unless it clearly appears that such inferior court is not only without jurisdiction of the class of cases to which the one in question belongs, but that the applicant for the writ has no other adequate remedy. From the complaint and the return thereto filed in this court, it clearly appears that the Superior Court had jurisdiction of the subject matter and of the person of relator, as well as the power and authority generally to issue restraining orders and injunctions. Such being the case, the decision of the question presented and decided by Judge Williams as judge of the Superior Court, whether right or wrong, cannot be reviewed in this court by a writ of prohibition, *save and except this court can say with a greater degree of certainty than the trial court that the threatened action of the state police would not result in injury to property rights*

*other than that which might incidentally follow an arrest and prosecution of one failing to register his automobile.* The power to hear and determine a cause is jurisdiction, and although the complaint filed in the court below may not be sufficient to withstand a demurrer, yet it nevertheless may confer jurisdiction. It is not our province in this case to determine the sufficiency of that complaint. The complaint filed in this court is a collateral attack on the jurisdiction of the Superior Court wherein the subject matter disclosed was within a class over which the court's powers extended, and was sufficient as against a collateral objection "irrespective of the completeness or quality of the allegations, or their adequacy to justify the relief sought, or of any defects, irregularities or imperfections of form or substance. It is sufficient that the allegations challenge a judicial inquiry." Freeman on Judgments, (5th ed.) §365. "The power to decide upon the sufficiency of a cause of action, as presented by the complainant's pleading, like the power to decide any other legal proposition, though erroneously applied, is binding until corrected in some direct proceeding." Freeman on Judgments, (5th ed.) §338, p. 680. In short, it may be said that writs of prohibition will not issue to control judicial action. *State ex rel.* v. *Leathers* (1925), 197 Ind. 97, 100, 149 N. E. 900.

The complaint in the instant case does not controvert the proposition that the Superior Court had jurisdiction of the subject matter disclosed by the complaint before it, nor does it deny that the court had obtained jurisdiction of the parties. In *State ex rel.* v. *Gleason* (1917), 187 Ind. 297, 119 N. E. 9, it is said: "If a court has jurisdiction of the subject matter of an action and has acquired jurisdiction of the parties, it has power to determine whether or not its jurisdiction is properly invoked in a proceeding before it. An errone-

ous decision of such question does not render its subsequent proceedings therein void as being without jurisdiction. An order, decree or judgment based on such proceedings might be reversed as erroneous, but it could not be collaterally attacked as void."

It must be conceded that Tenney had the right to invoke the jurisdiction of the Superior Court and have the constitutionality of §9, *supra*, or, for that matter, the entire act of which it is a part, determined. Thus the instant case may be readily distinguished from the case of *State ex rel.* v. *Superior Court* (1931), 202 Ind. 589, 177 N. E. 322, wherein it was held that the statute gave the bank commissioner the exclusive right in that class of cases to commence the action.

The 1933 General Assembly of this State (ch. 71, Acts 1933, p. 473) transferred all of the rights, powers, duties and authority to appoint the state police and enforce all motor vehicle laws theretofore existing and exercised by the Secretary of State to the Executive Department, and under the provisions of this enactment the Governor is now the source of authority for the promulgation of rules, regulations and the machinery by which motor vehicle laws are enforced. Among the many statutes defining the duties and authority of the state police is §10156, Burns 1926 (§11184, Baldwin's 1934), Acts 1925, p. 570, §55, which provides that any state police officer "who may discover any motor vehicle or motor bicycle without the proper registration and license plates attached, shall take such motor vehicle or motor bicycle into his custody and may cause such motor vehicle or motor bicycle to be taken to and stored in a suitable place until the legal owner thereof can be found or the proper registration and license plates have been procured." While this section does not provide a penalty for the failure of the owner of such vehicle to comply with this sec-

tion, yet, under §59 of that act, which was amended in 1927, Acts 1927, p. 423, it is provided that "Any person who shall violate any of the provisions of this act for which no specific penalty is provided shall be deemed guilty of a misdemeanor and upon conviction" shall be fined, to which imprisonment may be added.

Can it be said that this statute can be enforced only by taking charge of the motor vehicles or motor bicycles? It seems to me that it might be reasonably construed as not only giving state police authority to take charge of such vehicles, but to lodge a criminal charge against the owners thereof, thereby subjecting such motor vehicles to impounding charges and possible confiscation, as well as the person of its owner to penalties in case of neglect to comply with the registration law. Moreover, it will be noticed that §55, *supra,* does not limit the jurisdiction of such police officers to the public highways, public grounds or thoroughfares of the state. Hence, the question—May not such officers enter upon private driveways, private grounds or even private garages under proper warrant of authority, and take motor vehicles therefrom and store them in a place of their own selection until claimed by the owner or until proper registration or license plates have been procured? May not such action under the statute be justified if it be shown that such motor vehicles are actually being used in violation of such registration law on the theory of a penalty to enforce registration? The question of use, a question of fact for the trial court. The writ by this court issued, if made permanent, will, in effect, sanction such procedure. In such cases, can it be said that property rights would not be involved by the exercise of such authority, or that such action would not be a proper subject for equitable cognizance? As I am at present advised, this last question should be answered in the affirmative, and if so, the

Superior Court did not exceed its jurisdiction in issuing a temporary restraining order until such time as it would be able to hear and determine the threatened alleged invasion of the plaintiff's property rights.

The decision of this court to make the writ of prohibition permanent only insofar as the restraining order below protects plaintiff below from arrests for purely criminal violations of the motor vehicle law, has all the characteristics of a mandate in a case on appeal where the judgment below is affirmed in part and reversed in part. It recognizes the jurisdiction of respondents to act without taking into account the right to rule erroneously as well as correctly, a question alone for review on appeal.

The case of *State ex rel. Fry v. Superior Court of Lake County, supra,* should not control the decision in the case at bar, for the reason that the decision in that case rests entirely upon the theory that the plaintiff sought to restrain the peace officers from interfering with the plaintiff who was proposing to engage in a business prohibited by law without first complying with certain statutory regulations authorizing him to engage in that business. The case must be read as authority only on the question submitted for decision. The reasoning advanced and excerpts from analogous cases serve as an argument to sustain the final conclusion. The opinion refers to the rule announced by text writers, drawn from language of court decisions, to the effect that courts of equity have jurisdiction to enjoin criminal prosecutions in certain cases, and while the opinion contains the statement, "we believe the true rule to be that equity has no jurisdiction in such matters in any case," yet, in my opinion, this statement should not be extended to apply to other than cases of purely criminal prosecutions. Where the right to possession or ownership of property is involved, as here, the rule should be

that a court of equity may take cognizance and preserve individual rights.

In my judgment, the temporary writ heretofore issued by this court should be dissolved.