STATE EX REL. CLARK ET AL. *v.* RICE, JUDGE.

[No. 17,103.   Filed April 8, 1943.]

*William J. Sprow,* of Crawfordsville, and *Clyde H. Jones,* of Indianapolis, for relators.

DRAPER, J.—This matter comes on in the form of a petition for a writ of mandate whereby we are asked to direct the Judge of the Montgomery Circuit Court to enter a final judgment in a cause entitled Fred L. Clark, Ina L. Clark, plaintiffs, vs. Virgil R. Richardson, John Sams, Ethel Sams, defendants, and numbered 27,326 in that court. It appears that on the 16th day of March, 1942, the relators as plaintiffs filed their complaint in said court against the defendants in said cause, alleging that they were the owners of a farm in Montgomery County and that the defendants had forcibly seized and then held the same unlawfully and without right. That when the defendants seized the property the plaintiffs owned and kept thereon certain items of personal property which the defendants had molested and intended to move. The complaint concluded with a prayer for a restraining order to prevent threatened damaging acts by the defendants and that upon final hearing the plaintiffs be declared the owners in fee-simple of the property, for damages, and that the defendants be ousted and the plaintiffs placed in possession.

The complaint was paragraphed in accordance with the 1940 revision of rules of the Supreme Court of Indiana.

The defendants executed a bond to remain in possession of the real estate and thereafter filed a pleading which they denominated an answer. This pleading in no way specifically admits or denies the allegations of the complaint but alleges that the defendants held possession of the real estate under and by virtue of a certain contract for the sale and purchase of said real estate, the terms and provisions of which, it is alleged,

they have fully performed and complied with and said contract is set out in full in the pleading. They also allege that the plaintiffs have refused to deliver possession of the real estate but are interfering with defendants' rights to the peaceable possession thereof and that plaintiffs are claiming the right to keep personal property thereon. This pleading concludes with a prayer that the injunction prayed for by plaintiffs be denied and that the defendants be adjudged entitled to the immediate full and peaceable possession of the real estate and that plaintiffs be ordered to remove their personal property therefrom.

To this pleading the plaintiffs addressed what they denominated a reply, specifically admitting or denying the allegations of the answer.

The cause was tried to the court in April, 1942, and on May 6, 1942, after overruling a motion for new trial filed April 28, 1942, the court entered judgment as follows:

> "And the court now orders that plaintiffs take nothing by reason of their action; that the restraining order heretofore issued be dissolved and held for naught, and that the prayer of plaintiffs for an injunction be, and the same is hereby denied.
> "It is further ordered by the court that the defendants do have and recover of and from the plaintiffs their costs and charges herein laid out and expended, taxed at $————."

Thereafter the plaintiffs prayed an appeal to this court which was dismissed by this court under Rule 2-15 on account of plaintiffs' failure to file briefs within the time allowed.

On December 28, 1942, plaintiffs filed in the trial court their written motion requesting that court to enter a

·final judgment in the cause by deciding and adjudging the issues presented. This motion the court overruled.

·· The pleadings disclose a divided possession of the farm and it appears that the plaintiffs had possession of the building where their property was stored and the defendants had possession of the residence and farm lands, while each claimed the right to the possession of the whole farm. This situation naturally made for discord and dispute and to remedy it the parties properly turned to the court.

It is contended that the entry of May 6, 1942, did not constitute a final, appealable judgment and that relators' motion to make the same final should have been granted.

The material facts alleged in a pleading are to be looked to in determining what effect shall be assigned to a pleading. The name bestowed upon it by its author does not always determine its character. *Crowder et al.* v. *Reed* (1881), 80 Ind. 1; *Mills et al.* v. *Rosenbaum et al.* (1885), 103 Ind. 152, 2 N. E. 313; *New York Life Ins. Co.* v. *Adams* (1931), 202 Ind. 493, 176 N. E. 146. A pleading cannot perform the office of both an answer and counterclaim. When the plea states facts showing a liability on the part of the plaintiff to the defendant and disclosing a complete right of action in his favor against the plaintiff, growing out of the subject-matter alleged in the complaint, it will be treated as a counterclaim regardless of the name given it by the pleader. *Johnson* v. *Sherwood* (1905), 34 Ind. App. 490, 73 N. E. 180.

The defendants' pleading, without reference to the complaint, alleges facts sufficient to constitute a cause of action and we believe that it raised issues requiring adjudication which were not decided by the court. The court failed to dispose of the subject-matter to the extent that he had power to dis-

pose of it and failed to fully determine the controversy between the parties as presented by the pleadings. The judgment rendered was therefore not a final judgment. *Brown* v. *Nat. Life Ins. Co. of Wash. Co., Vt.* (1943), 112 Ind. App. 684, 46 N. E. (2d) 246, and cases therein cited.

Each possessed a portion of the farm. By their pleadings each sought to eject the other and to secure to themselves the peaceable possession of the whole, but an execution of the judgment rendered would leave each in the part formerly occupied.

To illustrate the situation presented, let us assume that the judgment of May 6, 1942, had been considered a final judgment and that the relators' appeal from that judgment had been properly perfected and affirmed by this court. That the defendants later, desiring relators' removal from that portion of the property occupied by them, filed an action for that purpose, prevailed against all defenses including perhaps that of former adjudication and the relators again appealed. It would at best again present to this court for final determination a cause which should have been decided in its entirety at one and the same time.

It is contended that a court can *correct* a judgment after the term at which it was rendered only to make it conform to the actual judgment of the court and that it cannot correct or set aside a judgment because it is not the judgment that should have been rendered, and cases are cited to that effect and to the effect that the court cannot, after the expiration of the term, render an independent decision "now for then." We have no quarrel with this contention, but when a court has acquired jurisdiction of an action, that jurisdiction will continue, for anything here under consideration, until a final judgment, proper under the

pleadings, shall have been entered. *Burnside* v. *Ennis* (1873), 43 Ind. 411; *Quarl* v. *Abbett* (1885), 102 Ind. 233, 1 N. E. 476; 21 C. J. S. Courts, § 94, p. 147; 14 Am. Jur. Courts, § 170, p. 370.

It is also contended that the relators cannot complain of the judgment rendered because they made no timely motion to modify the same and cite cases to the effect that one claiming to be entitled to more complete relief than is afforded in a judgment should take proper steps in the trial court to correct it. We do not consider this to be the question presented. The relators complain that no judgment was entered in so far as the issues tendered by the defendant's pleading was concerned. Certainly the relators were not required to move the court to find against them on the issues tendered by their opponents, thus perhaps inviting error, before they could be entitled to appeal. They did move the court to enter a final judgment and this was sufficient.

The fact that relators mistakenly construed the judgment of May 6, 1942, to be a final and appealable judgment and sought to appeal therefrom does not change the character of the entry made. The case of *State ex rel.* v. *Reiter, Judge* (1927), 85 Ind. App. 600, 154 N. E. 504, is much in point in that respect. The writ should be granted and it is so ordered.

Blessing, C. J., and Flanagan, P. J., not participating.

NOTE.—Reported in 47 N. E. (2d) 849.