STATE EX REL. STEERS, ATTORNEY GENERAL *v.* HANCOCK CIRCUIT COURT, OFFUTT, JUDGE.

[No. 29,057.   Filed June 15, 1953.]

*Edwin K. Steers,* Attorney General, for petitioner.

*Bachelder & Fife,* of Indianapolis, for respondents.

GILKISON, J.—In this original action it is alleged that the state brought its proceeding in respondent court against 11,000 cases, more or less, of canned tomatoes and 7,000 cases, more or less, of canned tomato juice, for libel for the condemnation and destruction thereof under the "Uniform Indiana Food, Drug, and Cosmetic Act", §§35-3101 to 35-3138, Burns' 1949 Replacement, inclusive. The action was filed on March 17, 1952.

On March 28, 1952 Virgil Etchison, who had been served with a copy of process by order of the court, made at plaintiff's request, appeared by his attorneys VanDuyn and Bachelder and filed answer, admitting certain averments of the complaint and denying all others, and claimed the ownership of the canned goods described, agreeable with §35-3125, Burns' 1949 Replacement.

The cause was tried by jury, which returned a verdict for the defendant on March 13, 1953 and the jury was thereupon discharged. On March 14, 1953 the plaintiff filed its motion to stay the entry of. the order to the sheriff to return the merchandise to the owner until it had an opportunity to file its motion for new trial (within thirty days) and to appeal from any adverse ruling thereon. On April 8, 1953, plaintiff filed

its motion for new trial, among other causes therefor were No. 6 and No. 7, as follows:

"6.  The Court erred in not taking the case from the jury and in not rendering judgment on the evidence for plaintiff or claimant at the close of all of the evidence after the following plaintiff's and claimant's motions for directed verdicts were made at the conclusion of all evidence and before argument:

'And now, the State of Indiana, at the close of all the evidence and before argument of counsel hereby moves the court to direct the jury to find for the plaintiff, State of Indiana. 'Ruling of the Court: The Court being duly advised in the premises now overrules said Motion of the plaintiff.

'The Claimant at the close of all the evidence and before the argument of counsel hereby moves the court to direct the jury to find for the claimant.

'Ruling of the Court: The Court being duly advised in the premises now overrules said motion.' "

"7.  The Court erred in overruling plaintiff's motion for a directed verdict which motion was made after the claimant's motion for a directed verdict at the conclusion of all evidence and before argument and before the Court's ruling thereon which motions for directed verdicts of the plaintiff and claimant and the Court's rulings thereon were as follows:

'And now, the State of Indiana, at the close of all the evidence and before argument of counsel hereby moves the court to direct the jury to find for the plaintiff, State of Indiana.

'Ruling of the Court: The Court being duly advised in the premises now overrules said Motion of the plaintiff.

'The Claimant at the close of all the evidence and before the argument of counsel hereby

moves the court to direct the jury to find for the Claimant.

'Ruling of the Court: The Court being duly advised in the premises now overrules said motion.' "

Thereafter, on May 16, 1953, the respondent court rendered its final judgment as follows:

"The Court being duly advised in the premises now considers the verdict of the jury herein as advisory only and in no other way; and the Court being duly advised in the premises now, as his own finding, finds for the defendant, 11,000 cases, more or less of canned tomatoes, and 7,000 cases, more or less of canned tomato juice and that the contents of the cans of tomatoes detained and embargoed in this proceeding are not adulterated and that the contents of the cans of tomato juice detained and embargoed in this proceeding are not adulterated, and that the plaintiff shall recover nothing of the defendant in this proceeding and that the claimant, Virgil Etchison, is the owner of said cans of tomatoes and tomato juice.

"It is therefore decreed and adjudged by the Court that the plaintiff recover nothing from the defendant in this proceeding and that the contents of the cans of tomatoes detained and embargoed in this proceeding are not adulterated and that the contents of the cans of tomato juice detained and embargoed in this proceeding are not adulterated and that the claimant, Virgil Etchison, is the owner of said cans of tomatoes and tomato juice and the Court now orders and directs the Sheriff of Hancock County, Indiana to return to said Virgil Etchison, free of any libel on seizure said cans of tomatoes and said cans of tomato juice. And the Court now denies and overrules plaintiff's motion for a new trial herein and the plaintiff is given an exception to said ruling of the court."

On the same date, May 16, 1953, plaintiff withdrew its motion to stay proceedings filed on March 14, 1953.

On the same date, May 16, 1953, plaintiff filed its written motion to stay all further proceedings, without bond, pending appeal of the action "to the appellate or supreme court", which motion was overruled on May 21, 1953.

The prayer of relator's petition so far as it can be considered in this proceeding, is that an alternative writ of mandate issue, (1) requiring respondents to set aside and remove from the record the finding and judgment; (2) to rule upon the motion for new trial filed on April 8, 1953; (3) to grant relator's motion to stay all proceedings in the action; and (4) to set aside the order overruling the motion to stay all proceedings in the action made on May 21, 1953, and asking for a permanent writ.

We issued the alternative writ.

This court's jurisdiction is fixed by the state constitution, Art. 7, §4. By this section of the constitution we have "such original jurisdiction as the General Assembly may confer." So far as the matters presented in this case are concerned, the General Assembly has conferred original jurisdiction upon us in mandate, thus:

". . . Such writs of mandate may issue out of the Supreme Court to the circuit . . . courts of this state, . . . compelling the performance of any duty enjoined by law upon such . . . courts . . . ." §3-2201, Burns' 1946 Replacement.

The duty of this court in original actions for mandate is well stated by Hughes, J. thus:

"The writ of mandamus is a proper one to compel judicial action and to compel courts to act where they refuse to act and ought to act, but not to direct and control the judicial discretion to be exercised in the performance of the act to be done; to compel the court to hear and decide where they

have jurisdiction, but not to predetermine the decision to be made; to require them to proceed to judgment, but not to fix and prescribe the judgment to be rendered." *State ex rel. Benson* v. *Superior Court* (1933), 205 Ind. 464, 468, 187 N. E. 203. *State ex rel. Dayton, etc. Co. et al.* v. *Board of Comm'rs of Tippecanoe Co.* (1892), 131 Ind. 90, 93, 30 N. E. 892. *State ex rel. Vonderschmidt* v. *Gerdink* (1946), 224 Ind. 42, 44, 64 N. E. 2d 579. *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 334, 75 N. E. 2d 151.

By its complaint filed in respondent court, the state asked the court to hear and try the issues it presented or that might be joined in the action, and to render a judgment in its favor and order the sheriff to destroy the merchandise, and for the costs of the action. It does not complain in this action that the court either failed or refused to try the action agreeable with the law. Its complaint is that the finding and judgment are erroneous.

The respondent court had jurisdiction and a duty to try and determine the issues joined. That result is the purpose of the action. We cannot in this original action, pass upon the questions, whether or not the determination of the trial court concerning the issues joined or the questions presented were correct or erroneous. We can determine such questions only on appeal. As in the original action of prohibition, the original action of mandate which this court is authorized to entertain, cannot be used as a substitute for appeal. *State, ex rel.* v. *Wrigley, Judge* (1918), 187 Ind. 78, 81, 118 N. E. 353. *State, ex rel.* v. *Jackson* (1907), 168 Ind. 384, 386, 81 N. E. 62. *Paddock, Mayor* v. *State, ex rel.* (1916), 185 Ind. 650, 651, 114 N. E. 217. *State ex rel. City of Indianapolis et al.* v. *Brennan, Judge et al.* (1952), 231 Ind. 492, 109 N. E. 2d 409, 412. *State ex rel. Harkness* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9. *Board of*

*Commissioners of Jasper County* v. *Spitler* (1859), 13
Ind. 235, 240. *State ex rel. Wheeler* v. *Leathers, Judge*
(1925), 197 Ind. 97, 104, 149 N. E. 900. *State ex rel.
Feeney* v. *Superior Court* (1934), 206 Ind. 78, 82, 188
N. E. 486, dissent Myers, J. *State ex rel. McGarr* v.
*DeBaun, Judge* (1926), 198 Ind. 661, 673, 154 N. E.
492, dissent Willoughby, J. *State ex rel. Allman* v. *Grant
Superior Court* (1939), 215 Ind. 249, 19 N. E. 2d 467.
*State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223
Ind. 375, 379, 61 N. E. 2d 168. *State ex rel. Wever* v.
*Reeves* (1951), 229 Ind. 164, 168, 96 N. E. 2d 268.

By its complaint relator required respondent court
to make its finding and render a judgment. This re-
spondent court has done, and this court is with-
out power, in this proceeding, to order respond-
ents to set aside and remove the finding and
judgment from the record. The order of respondent
court heretofore copied, shows that it overruled rela-
tor's motion for new trial on the same date and in the
same record and rhetorical paragraph as the rendition
of the judgment. The relator is not entitled to have it
ruled upon again. As before shown the record shows
that relator's petition to stay all proceedings in the
action, filed on May 16, 1953, was overruled by the
respondent court on May 21, 1953. Relator complains
only of the nature of respondent's ruling thereon. It
was respondent's duty either to sustain or overrule
this motion. Respondent has performed this duty.
Whether the ruling was correct or was error we cannot
decide in this proceeding.

Relator complains that respondent judge erred in
treating the jury's verdict as advisory only, and making
his own finding. Since that action was suggested
to the respondents by relator's reasons for new
trial Nos. 6 and 7, filed and presented eight days

before the action complained of was taken by the respondent judge; and further since the finding of the respondent judge is in complete agreement with the jury's verdict, we doubt if relator is in a position to question this action even on appeal. Clearly this action of the respondent judge presents nothing for our consideration in this original action.

The several questions attempted to be presented by relator may be passed upon by this court only on appeal.

For the reasons given the alternative writ heretofore issued is revoked and a permanent writ is denied.

Emmert, J., dissents in which Draper, J., concurs.

### DISSENTING OPINION

EMMERT, J.—The "Uniform Indiana Food, Drug, and Cosmetic Act" §35-3101 *et seq.*, Burns' 1949 Replacement, clearly provides for a trial by jury.

> "The right of change of venue from the county and the right of change of judge and the right of trial by jury shall exist as in civil cases." Section 35-3126, Burns' 1949 Replacement.

The certified copies of the court records attached to the petition disclose that a jury did try the issues, and did return a verdict for "the defendant, 11,000 cases, more or less, of canned tomatoes and 7,000 cases, more or less, of canned tomato juice . . ."

This verdict was returned March 13, 1953, and on April 8, 1953, the State of Indiana filed its motion for a new trial. Among other causes it charged that: "1. The verdict is not sustained by sufficient evidence. 2. The verdict of the jury is contrary to law." It also charged that the court erred in certain rulings on evidence, in giving and refusing certain instructions, and that the court erred in refusing to grant the plaintiff's motion for a directed verdict. As I read cause 6 of the

motion for new trial, it did not waive the plaintiff's right to a trial by jury, and in my opinion the respondent's return, which on page 2 alleges: "The petitioner in its motion for new trial alleged that the court should have discharged the jury and entered verdict as in other cases triable by court," misinterprets the record before us. Nor was there any waiver of the right to trial by jury by cause No. 7 of the motion for new trial.

The State of Indiana had a right to have the issues tried by a jury, to have a verdict returned, and it had a right to have a final judgment entered on that verdict after its motion for new trial was overruled. Section 35-3128, Burns' 1949 Replacement, provides in part that, "The court or jury trying the cause shall determine whether the contents of each separate lot are adulterated or misbranded, and the judgment shall so specify . . ."

In *State ex rel. Rose* v. *Hoffman, Judge* (1949), 227 Ind. 256, 85 N. E. 2d 486, in an opinion by Gilkison, J., we held that in a criminal case when a defendant requests a trial by jury the judge had no discretion to exercise, but he must grant the motion, and we would mandate him to do so.[1] The nature of the duty to grant the jury trial could not change at any stage during the progress of the trial. It still existed and it was mandatory upon the court even after the verdict was returned. The right to a trial by jury is one of the most sacred rights recognized by our form of government, and this is equally true whether the right be granted by the Constitution or by a statute. If we are going to permit

1. In *State* v. *Mead* (1837), 4 Blackf. 309, this court held that the state, under the 1816 Constitution, was entitled to demand a trial by jury in a criminal case, that a trial by the court without a jury after proper demand for a trial by jury was void, and that "Whenever the right is claimed by either party, in a case like the one before us, the Court is bound to grant it."

courts to deny the right to a trial by jury against the clear provisions of the law, we thereby authorize the creation of a judicial tyranny. When a jury case has been submitted to a jury the judge has no jurisdiction, power or authority to deny that right, and there is no question of any waiver being involved on the part of the State in this proceeding. The Hancock Circuit Court did permit the case to be tried by a jury which returned its verdict, and it had no discretionary right or privilege to turn this jury trial into one by the court by ruling that the verdict was advisory only, and then making its own finding. Such action is void for want of power to so proceed in plain violation of the statute. The Hoffman case, *supra,* is clearly the law, and it should be followed by this court in this original action.

There is no merit in respondent's contention that the State invited the error by moving for a directed verdict. This court in an exhaustive opinion in *Michigan Cent. R. R. Co.* v. *Spindler, Admr.* (1937), 211 Ind. 94, 107, 5 N. E. 2d 632, carefully reviewed the authorities on the effect of motions for a directed verdict by both parties and said, "But if the party whose motion is denied requests the court to proceed with the trial or submit the questions of fact to the jury, such motion or request should be granted and the court would commit reversible error to direct a verdict or discharge the jury over his objection." There is no objection in the record shown by the certified copies here that the trial court or the parties considered a jury trial had been waived. The parties submitted requests for instructions, the court indicated the instructions, arguments were heard, the jury instructed, and a verdict returned, all without any objection by any party that a jury trial had been waived.

On May 16th the court, after considering the verdict

advisory only, made its own finding for the defendant, and then entered a judgment on its own finding. At the conclusion of the order book entry the court then overruled the State's motion for a new trial. This motion would present nothing as to the decision of the court, for it was in part directed to the verdict of the jury. The fact that the State may appeal from a void judgment does not relieve this court of its statutory duty to enforce a mandatory duty by the trial court. *State ex rel. Rose* v. *Hoffman, Judge* (1949), 227 Ind. 256, 85 N. E. 2d 486, *supra.* There is no difference in law or in reason in the court's duty to grant a jury trial, whether under the Constitution or under a plain statute.

It is quite obvious from an examination of the State's complaint that there is nothing in its allegations setting out its cause of action, or in the prayer therein, that waived its rights to a trial by jury as provided by §35-3126, Burns' 1949 Replacement. If we are going to hold this complaint waived the State's right to a jury trial, every plaintiff will have to allege specifically in every civil or special statutory cause of action, where the right to a jury trial exists, that the plaintiff is not waiving a right to a trial by jury. This has never been the law.

Under the issues in this case a general verdict was required. The jury returned a general verdict. "When a trial by jury has been had, and a general verdict rendered, the judgment must be in conformity to the verdict." Section 2-2501, Burns' 1946 Replacement.

Where there is a clear legal duty on the court to enter a judgment on, and in conformity with, a verdict or a finding, a writ of mandamus is proper to compel the execution of this duty. *State ex rel.* v. *Scott Circuit Court* (1932), 203 Ind. 572, 576, 181 N. E. 523;

*Grant Coal Mining Co.* v. *Coleman* (1932), 204 Ind. 122, 131, 179 N. E. 778; *State ex rel.* v. *Beal* (1916), 185 Ind. 192, 113 N. E. 225. See also *State ex rel. Clark* v. *Rice* (1943), 113 Ind. App. 238, 47 N. E. 2d 849; *Pittman-Rice Coal Co.* v. *Hansen* (1947), 117 Ind. App. 508, 72 N. E. 2d 364.

The fact that the verdict of the jury and the finding by the court are the same have nothing to do with the State's rights in this case. If both parties had agreed to have the cause tried by the court without a jury, the State would have had the right to special findings of facts and conclusions of law. The loss of this right is certainly prejudicial to any litigant. Nor is it proper for us in this action to prejudge the possible assertions of error that may be made by the State when we force the State to appeal from this void judgment.

Section 35-3130, Burns' 1949 Replacement, provides that "No subsequent proceeding in said cause, or new trial shall in any way involve any returned merchandise." In view of this provision, and the fact that the act creates a special statutory cause of action, with no provision that the return of the goods shall be stayed pending an appeal by the State, we do not believe that the State is entitled to stay the return of the goods pending an appeal. We have no authority to judicially nullify this statute. The alternative writ should be amended by striking out that part of the order pertaining to the stay of proceedings, and the alternative writ, as amended, should have been made absolute.

Draper, J., concurs.

NOTE.—Reported in 112 N. E. 2d 855.